In Re:   Petition of the Borough of West Mifflin for the Appointment of Viewers To Assess the Costs, Damages, Expenses and Benefits for and out of the Adopting and Taking Over, Laying Out, Opening and Accepting, Grading, Paving and Storm Sewering Certain Unimproved Roads or Streets or Parts of Roads or Streets Known Locally as North  Avenue, East Avenue, West Avenue and Evans Avenue, All Being Located in the Borough of West Mifflin, Allegheny County, Pa.

John B. Hague et al., Appellants.

158

Submitted on briefs, November 1, 1977, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers and Blatt.

*Louis R. Salamon,* for appellant.

*Donald C. Fetzko,* for appellee.

Opinion by Judge Blatt, March 8, 1978:

This is an appeal from an order of the Court of Common Pleas of Allegheny County which dismissed objections to a Board of View report concerning as-

sessments which were made on certain properties for benefits created by activities of the Borough of West Mifflin (Borough). Our examination of the record indicates that the order here appealed is interlocutory and that this appeal must therefore be quashed.

The Borough activities which created the assessments in question were the accepting of several private roads in unrecorded subdivisions as public streets. This was done pursuant to an ordinance adopted in 1969, which provided that the Borough would open specified private roads as public streets if the following conditions precedent were satisfied: (1) a majority of the abutting property owners petitioned the Borough to open the street, (2) each abutting property owner executed a deed of dedication granting to the Borough an easement through or over his property for construction of the street, (3) each property owner signed a release and waiver of damages caused to this property by the construction of the street. The ordinance also provided that the abutting property owners would be assessed, as benefits to their property, two-thirds the cost of improving the streets. Subsequent to the acceptance and improvement of four roads, the Borough petitioned the lower court to appoint a Board of View to assess benefits as provided in Section 1525 of the Borough Code,[1] 53 P.S. §46525. Objections to the report of the Board of View were filed by a group of property owners. The lower court dismissed the objections as to the legal issues raised and directed that a trial *de novo* be held on the matter of the sums of the benefits assessed on the individual property owners. In this appeal, the property owners seek our review of that order.

---

[1] Act of February 1, 1966, P.L. 1656 (1965), *as amended*, 53 P.S. §45101 et seq.

Section 517 of the Eminent Domain Code,[2] 26 P.S. §1-517, provides that a decree of a court of common pleas which confirms, modifies or changes, a report of a Board of View is a final order. As a final order, it is appealable to this Court. See *Kellman Trust Fund v. Pennsylvania Department of Transportation*, 24 Pa. Commonwealth Ct. 102, 354 A.2d 583 (1976). The Borough Code, however, contains no similar provision concerning reports of a Board of View assessing benefits for public improvements. It is true that Section 1534 of the Borough Code, 53 P.S. §46534, formerly provided for an appeal of the confirmation by the lower court of the Board of View's report, but this provision was repealed by Section 509(a)(174) of the Appellate Court Jurisdiction Act of 1970,[3] 17 P.S. §211.509(a)(174). We believe therefore that the order of the lower court here is interlocutory.

Pa. R.A.P. 311(a) provides that an appeal may be taken as of right from an interlocutory order only in the circumstances provided by statute or by general rule. In the absence of any authority stating that the order of the lower court before us is final and therefore appealable, we believe that any review on our part must await an appeal of the court's final order which will be made at the conclusion of the trial *de novo* as to the amount of the assessments of the individual property owners.

The appeal is quashed.

ORDER

AND Now, this 8th day of March, 1978, this appeal is hereby quashed as interlocutory.

---

[2] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-101 et seq.

[3] Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.101 et seq.