Township of Wilkins, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources and Turnway Corporation, Respondents.

Argued December 7, 1978, before Judges Wilkinson, Jr., Rogers and MacPhail, sitting as a panel of three.

*John M. Means,* with him *Harvey I. Goldstein,* and *Markel, Levenson, Schafer & Means,* for petitioner.

*Richard S. Ehmann,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MacPHAIL, January 31, 1979:

The Township of Wilkins (Township) has filed with this Court an appeal from an order[1] of the Environmental Hearing Board (Board) which sustained in part and denied in part the petition of the Department of Environmental Resources (DER) to quash the Township's appeal from the order of the DER. Although a clarification of the Board's order was requested by DER, that request was refused.

DER has filed preliminary objections to the Township's appeal which we will consider as an application to dismiss the appeal, pursuant to a previous order of President Judge BOWMAN entered September 9, 1977. Although both parties have briefed and argued the merits of the appeal, as well as the motion to dismiss, we will dispose of the case by sustaining the motion to dismiss.

While we understand the Township's dilemma in this matter, we are satisfied that the order of the Board is interlocutory. On remand, the Township should be afforded an evidentiary hearing regarding

---

[1] AND Now, this 21st day of June, 1977, after due consideration of the petition to quash the above appeal and after hearing thereon, the board hereby grants the petition as to the propriety of the permit issuance to the Township of Wilkins. The petition is denied with regard to the recording requirements and the proper interpretation of prior court proceedings. Even though these are primarily legal matters they are not foreclosed by the failure of Wilkins Township to contest the original permit issuance, and a further opportunity for hearing will be extended to appellant. (E.H.B. Docket No. 76-167-W)

all issues presented by the Township's appeal from the DER order including the issuance of the disputed Sewerage Permit No. 464S37 of 1964.

The general rule is that no appeal lies from an interlocutory order. *In re: Petition of the Borough of West Mifflin*, 34 Pa. Commonwealth Ct. 157, 383 A.2d 542 (1978). None of the recognized exceptions to the general rule apply to the case now before us. The Township admits, as it must, that at least two-thirds of the order is interlocutory. The only part of the order which even facially appears to be "final" is the first sentence. However, neither party is certain about the legal import of that sentence. Neither are we. In any event, it is clear to us that a further hearing has been ordered. Therefore, the Board's order is interlocutory.

We will quash the instant appeal.

ORDER

AND Now, this 31st day of January, 1979, the appeal of the Township of Wilkins is quashed.