Commonwealth of Pennsylvania, Appellant, *v.* Lawrence E. Herold and June Herold, his wife, Appellees.

Argued November 8, 1974, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Geoffrey Paul Wozman,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellant.

*John N. Gazetos,* for appellees.

OPINION BY JUDGE MENCER, January 17, 1975:

In this eminent domain case the Commonwealth of Pennsylvania (Commonwealth) appeals the denial by the Court of Common Pleas of Butler County of its motion for a new trial.

On March 23, 1973, the Commonwealth filed a declaration of taking by which it acquired the perpetual right, power, privilege, and easement to overflow, flood, and submerge occasionally 14.2 acres of land owned by Lawrence E. Herold and June Herold, his wife (condemnees). The condemnees did not file preliminary objections to the taking, and the Commonwealth then filed a petition for the appointment of viewers. After the property was viewed and a hearing had been held, a board of view awarded total damages of $4,970. Condemnees appealed this award to the lower court, and a jury awarded damages of $13,000. The Commonwealth then filed a motion for a new trial which was denied by the lower court, and judgment was entered on the verdict. The Commonwealth then brought this appeal.

Our scope of review in this type of case was stated in *Cohen v. Redevelopment Authority of the City of Philadelphia,* 12 Pa. Commonwealth Ct. 125, 127, 315 A. 2d 372, 373 (1974), as follows: "The grant or refusal to grant a new trial is within the discretion of the lower court and will not be reversed on appeal ' ". . . absent a clear abuse of discretion or an error of law which controlled the outcome of the case." ' Mishkin v. Lancaster Redevelopment Authority, 6 Pa. Commonwealth Ct. 97, 100, 293 A. 2d 135, 136 (1972). This discretion, however,

is not absolute and where ' ". . . the verdict is against the clear weight of the evidence or (that) the judicial process has effected a serious injustice, he [the trial court] is under a duty to grant a new trial." ' Lewis v. Urban Redevelopment Authority of Pittsburgh, 5 Pa. Commonwealth Ct. 176, 179, 289 A. 2d 774, 776 (1972)."

The Commonwealth first argues that the jury's award is excessive and against the weight of the evidence. We do not agree.

In determining whether or not a verdict is against the weight of the evidence, certain principles are applicable: "(a) [A] jury may believe all or part of or none of the testimony of any witness . . .; (b) a jury in a condemnation case may not disregard evidence as to property values and substitute its own ideas . . .; (c) in a condemnation case a jury may disregard the opinion of the property owner or his expert . . . or the opinion of an expert for the condemnor . . .; (d) the weight of evidence dependent on oral testimony is always for the jury, not the court." (Citations and footnote omitted.) *Morrissey v. Department of Highways*, 424 Pa. 87, 92-93, 225 A. 2d 895, 898 (1967).

Also, we have previously stated that a new trial should be granted for the reason that the verdict is against the weight of the evidence *only* when the verdict is so contrary to the evidence as to shock one's sense of justice. *Faith United Presbyterian Church v. Redevelopment Authority*, 7 Pa. Commonwealth Ct. 490, 298 A. 2d 614 (1972).

In this case, the condemnees presented the testimony of Lawrence Herold, who valued his damages at $40,000, and Roland P. Breth, a real estate broker, who stated that the damages were $28,400. The Commonwealth's expert witness, Thomas W. Gaiser, testified to damages of $2,400. It was the jury's responsibility to weigh the credibility of these witnesses in making its award. We cannot find that this award of $13,000 is excessive or

against the weight of the evidence presented to the jury, especially in light of the fact that the jury itself made a view of the condemned property. As we stated in *Wolfe v. Redevelopment Authority of the City of Johnstown*, 1 Pa. Commonwealth Ct. 172, 177, 273 A. 2d 923, 926 (1971), "since the jury viewed this condemned property it properly could have ignored the experts' testimony, if they believed them not to be credible, and could have based their verdict upon their own judgment following the court's instructions."

The Commonweath's second argument is that the lower court erred by charging the jury that they could find that the Commonwealth had taken condemnees' land in fee.

The evidence presented at the trial created a factual issue as to the extent of the Commonwealth's taking. Condemnees claimed that the Commonwealth's taking would completely deprive them of the use of the 14.2 acres of their land. The Commonwealth claimed that only an easement was taken since the land would be flooded only occasionally. The lower court believed that the jury must decide this factual question. He therefore submitted two verdict forms to the jury and instructed them to use one if they found the taking was a flood easement and the other if they found an absolute taking.

Although we feel that this action by the lower court was improper since any issue regarding the extent of the taking was foreclosed when condemnees failed to file preliminary objections to the Commonwealth's Declaration of Taking of a *flood easement*,[1] it does not merit the

1. Section 406 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P. L. 84, Art. IV, *as amended*, 26 P.S. §1-406 (Supp. 1974-75), permits a condemnee to challenge the declaration of taking by filing preliminary objections within thirty days after being served with notice of condemnation. This section also provides that failure to file preliminary objections shall constitute waiver of the challenge to the declaration of taking.

grant of a new trial.

In the first place, it can readily be seen that the Commonwealth was not prejudiced by this charge since the jury found that only a flood easement was taken. Moreover, the record reveals that the Commonwealth did not object to this charge and even approved the two verdict forms that were submitted to the jury. It is settled that where counsel makes no objection to the court's instructions and makes no effort to direct the court's attention to what he deems an erroneous instruction, such instruction, even if erroneous, will not furnish the basis for a new trial unless the error is basic and fundamental. *Kasych v. Department of Transportation,* 11 Pa. Commonwealth Ct. 621, 314 A. 2d 575 (1974).

Order affirmed.