Paul March, Jr. and Louis C. March, t/a March Brothers, Appellants, *v.* Redevelopment Authority of the City of Philadelphia, Appellee.

Redevelopment Authority of the City of Philadelphia, Appellant, *v.* Paul March, Jr. and Louis C. March, t/a March Brothers, Appellees.

Argued April 2, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*H. Mark Solomon*, for appellants-appellees, March.

*David S. Winston*, for appellant-appellee, Redevelopment Authority.

OPINION BY JUDGE CRUMLISH, JR., July 10, 1975:

These appeals in an eminent domain proceeding are from an order of the Court of Common Pleas of Philadelphia County which modified a verdict of the trial court sitting without a jury to include $10,000.00 in business dislocation damages under Section 601-A(b)(3) of the Eminent Domain Code,[1] and confirmed its prior award of $24,250.00 for the real estate and $20,000.00 for machinery and equipment. Appellant-condemnor has appealed the award of business dislocation damages, and Appellant-condemnee challenges the limitation of damages for machinery and equipment to $20,000.00.

---

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-601A(b)(3) (Supp. 1974-1975).

On August 2, 1968, the Redevelopment Authority of the City of Philadelphia (Condemnor) condemned a property located at 422 North Second Street upon which Paul March, Jr. and Louis C. March, t/a March Brothers (Condemnee) operated as owner-occupants a meat processing plant. Condemnor obtained possession on March 1, 1971, at which time Condemnee went out of business, leaving behind all fixed and loose machinery and equipment. The parties stipulated at trial that the value of the real estate was $24,250.00. As to the value of the machinery and equipment taken, Condemnee's expert appraised 52 items of fixed and loose equipment at an in-place value of $30,330.00, broken down to $23,105.00 for fixed equipment, and $7,225 for removable items. He testified that he considered the plant and equipment an assembled economic unit which could not be operated with only the removable items of equipment in another location. Condemnor, in turn, presented its expert's appraisal of 18 items of machinery and equipment with a total in-place value of $15,385.00. The trial judge rendered a verdict in the stipulated amount for the real estate, $4,000 for business dislocation, and $20,000 for machinery. Exceptions by both parties to that portion of the verdict awarding business dislocation and machinery and equipment damages were filed and the lower court thereupon increased business dislocation damages to $10,000.00, which is the maximum allowed under Section 601-A (b) (3).[2] In all other respects, the verdict was affirmed.

Now we hear these appeals.

Condemnor argues that the court below erred when it awarded dislocation damages because Condemnee failed to establish by a preponderance of the evidence that its business could not be relocated without sustaining a sub-

---

2. Since condemnee was displaced after January 2, 1971, increased business dislocation damages authorized by Section 601-A (b) (3) were in order. Section 606-A of the Eminent Domain Code, 26 P.S. §1-606A.

stantial loss of existing patronage. We disagree. Section 601-A(b)(3) provides in pertinent part:

"In addition to damages under clauses (1) or (2) of this subsection, damages of not more than ten thousand dollars ($10,000) nor less than twenty-five hundred dollars ($2,500), in an amount equal to . . . forty times the fair monthly rental value, in the case of owner occupancy;[3] . . . . In the case of a business, payment shall be made under this subsection only if the business (i) cannot be relocated without a substantial loss of its existing patronage . . . ." 26 P.S. §1-601A(b)(3) (Footnote added.)

It is not disputed that Condemnee has the burden of proving that its business was of such a character that it could not be moved to another location without a substantial loss of existing patronage. *See Redevelopment Authority of the City of Chester v. Swager,* 12 Pa. Commonwealth Ct. 437, 316 A.2d 136 (1974); *Apple Storage Co. v. School District of Philadelphia,* 4 Pa. Commonwealth Ct. 55, 284 A.2d 812 (1971). Condemnee met this burden when its principal testified that he had searched throughout Philadelphia for four months in an effort to obtain a replacement property, but that he was unable to find a building which was adaptable to the specialized equipment needed to meet government specifications for a meat packing plant, and that the cost of naked ground made the erection of a new, suitable installation economically unfeasible. And, although he agreed that much of the business was "walk-in" or transient in nature, there is also evidence that much of its business subsisted on wholesale restaurant-food supply outlets in the immediate location of the plant. Condemnor correctly notes that this

---

3. Condemnee's real estate expert's valuation of the fair monthly rental value of property of $700.00 to $1,000.00 was uncontradicted by Condemnor, and exceeds the $10,000.00 maximum permitted by Section 601-A(b)(3) when multiplied by 40.

witness could not recall the names of the real estate agents who assisted him in his efforts to relocate and that he had never asked the Redevelopment Authority for its help in relocating. This, of course, goes to the question of good faith in attempting to relocate, but the trial court in its wisdom considered its weight, and since we find competent evidence to sustain the lower court's determination on this point, we will not distrub its resolution on appeal. *Glider v. Commonwealth*, 435 Pa. 140, 255 A. 2d 542 (1969) ; *Patterson v. County of Allegheny*, 15 Pa. Commonwealth Ct. 228, 325 A. 2d 484 (1974).

We agree with Condemnee, however, that the court below erred when it limited recovery for machinery and equipment to $20,000.00. Condemnee's appraiser valued the loose equipment left behind at $7,225.00 which was in addition to the $23,105.00 value he placed on the attached machinery and equipment. Condemnee's plant constituted an Assembled Economic Unit within the meaning of *Singer v. Oil City Redevelopment Authority*, 437 Pa. 55, 261 A. 2d 594 (1970) and *Redevelopment Authority v. Yee Kai Teung*, 5 Pa. Commonwealth Ct. 65, 289 A. 2d 498 (1972) because the operation required a unique building and there was no other suitable building to be found within a reasonable distance of the condemned plant. This being so, both fixed and loose machinery and equipment forming a part of that economic unit were compensable. Condemnor's expert did not inspect or separately value the loose items apparently upon the assumption that the plant was not an assembled economic unit and the loose machinery and equipment would be removed by the Condemnee. As such, Condemnee's estimate of the value of the loose items of $7,255.00 was unrebutted and conclusive upon the trial court which did not personally view the machinery and equipment involved. Therefore, even if the trial court fully accepted the Condemnor's appraisal of the fixed items at $15,385.00, Condemnee was entitled to an additional

$7,255.00 as damages for the loose items of machinery and equipment taken.

Consistent with the foregoing, we remand the proceedings to the court below to adjust its verdict to reflect damages for machinery and equipment in the amount of $22,640.00. In all other respects, the order of the court below is affirmed.

