Abrams, Inc., Appellant *v.* The Redevelopment Authority of the City of Philadelphia, Appellee.

Argued April 6, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Herbert S. Levin,* with him *Fox, Rothschild, O'Brien & Frankel,* for appellant.

*Francis J. Moran,* with him *Peter A. Galante,* for appellee.

OPINION BY JUDGE BLATT, August 25, 1978:

The Appellant, Abrams, Inc. (Abrams), appeals here from a denial of a motion for a new trial in an eminent domain proceeding where a verdict of $190,000 was rendered in its favor.

The Abrams' property was condemned by the Redevelopment Authority of the City of Philadelphia (Authority) in 1971. The Board of View, after a hearing, awarded damages to Abrams in the amount of $425,000. Abrams appealed and after a trial in the Court of Common Pleas of Philadelphia County, the jury returned a verdict of $190,000. Abrams filed a motion for a new trial which was denied, and this appeal followed.

Our scope of review is limited, for the denial of a motion for a new trial in a condemnation case which is made on the ground of inadequacy of the verdict will not be disturbed on appeal unless it is indicative of a clear and manifest abuse of discretion or unless it is demonstrated that the verdict was unconscionable or shocking to the appellate court's sense of justice.

*Felix v. Baldwin-Whitehall School District*, 5 Pa. Commonwealth Ct. 183, 289 A.2d 788 (1972).

Abrams argues first that the lower court abused its discretion in permitting an expert witness to testify, who was a valuation expert who did not previously testify before the Board of View and who did not submit a statement as to his valuation of the property both *before* and after the date of the condemnation. It cites Section 703(2) of the Eminent Domain Code[1] which provides as follows:

At the trial court on appeal:

(2) If any valuation expert who has not previously testified before the viewers is to testify, the party calling him must disclose his name and serve a statement of his valuation of the property before and after the condemnation and his opinion of the highest and best use of the property before the condemnation and of any part thereof remaining after the condemnation, on the opposing party at least ten days before the commencement of the trial.

26 P.S. §1-703(2).

The lower court held that there was no requirement for both before and after valuation estimates in the statement in this case and we agree. While the measure of damages in a partial condemnation is the difference between the fair market value of the entire property interest immediately before and the same interest remaining immediately after the taking,[2] only one value is involved in a total condemnation case, because then there is essentially no "after" value.

---

[1] Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended*, 26 P.S. §1-101 et seq.

[2] Under Section 601 of the Eminent Domain Code a condemnee is entitled to "just compensation for the taking of his property." 26 P.S. §1-601. "Just compensation" is defined in Section 602(a) of the Code, as follows:

The statement in this case included an estimate of the value as of the date of taking and we agree that it was in complete compliance with Section 703(2) of the Eminent Domain Code.

Abrams also argues that the court should have granted a new trial because the jury verdict of $190,-000 was inadequate, capricious, and against the weight of the evidence. In support of this contention, Abrams maintains that the valuation of $190,000 made by the experts testifying for the Authority was mathematically incorrect and incredible. Abrams points out further that its own experts' valuation, using both the cost reproduction approach and comparable sales approach, was $660,000 while the award by the Board of View was for $425,000. Although a discrepancy between the award of the Board and that of the jury is an appropriate factor for consideration on appeal, we have previously held that such a discrepancy does not, in itself, warrant the grant of a new trial. *Bosniak v. Redevelopment Authority of Philadelphia,* 20 Pa. Commonwealth Ct. 291, 341 A.2d 260 (1975). *See Tinicum Real Estate v. Department of Transportation,* Pa. , 389 A.2d 1034 (1978). And, relative to the alleged incredibility of the Authority's expert witnesses, we note that Abrams had the opportunity to point out any of their alleged mathematical errors or incredibilities through cross-examination. It is the function of the jury to determine, of course, the credibility of and to resolve discrepancies in the testimony of expert witnesses. *Commonwealth v. Her-*

---

Just compensation shall consist of the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected thereby and the fair market value of his property interest remaining immediately after such condemnation and as affected thereby. . . .

26 P.S. §1-602(a).

*old,* 17 Pa. Commonwealth Ct. 148, 330 A.2d 890 (1975) ; *Lewis v. Urban Redevelopment Authority of Pittsburgh,* 5 Pa. Commonwealth Ct. 176, 289 A.2d 774 (1972).

We cannot find that the verdict was inadequate, capricious or against the weight of the evidence.

Nor do we believe that the refusal of the lower court to grant a new trial was an abuse of discretion on its part or unconscionable and shocking to an appellate court's sense of justice. The order of the lower court, therefore, is affirmed.

### ORDER

AND Now, this 25th day of August, 1978, the order of the Court of Common Pleas of Philadelphia County, July Term 1970, No. 4565, dated August 9, 1976, refusing the motion for new trial by Abrams, Inc., is hereby affirmed.