Pennsylvania Power & Light Company, Appellant *v.* Vincent F. Gilotti and Mary Louise Gilotti, Appellees.

Argued September 28, 1978 before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Gennaro D. Caliendo,* with him *Vincent Butler, Bryan A. Snapp, Murray Mackson,* and *Mackson, Hauff & Turczyn,* for appellant.

*Roger N. Nanovic,* with him *Nonovic & McKinley,* for appellees.

OPINION BY JUDGE MENCER, December 14, 1978:

The Pennsylvania Power & Light Company (condemnor), under the authority of a certificate of public convenience issued by the Pennsylvania Public Utility Commission, exercised its right of condemnation and appropriated an easement consisting of 0.925 acre of land owned by Vincent F. Gilotti and Mary Louise Gilotti, husband and wife (condemnees) for the use as a right-of-way for the construction, operation, and maintenance of a new electric transmission line. The condemnor also appropriated the right, to the extent necessary, to remove trees, brush, buildings, or other things from this 0.925 acre of land and the right to cut down and/or trim any danger trees within 50 feet on either or both sides of the edge of the appropriated right-of-way.

A board of viewers was appointed, and it made an award of damages to the condemnees in the sum of $12,000. Condemnees appealed from this award to the Court of Common Pleas of Carbon County and, after trial, a jury returned a verdict for damages relative to the property condemned, in the amount of $68,000. Following denial of a motion for a new trial and entry of judgment on the verdict, the condemnor filed a timely appeal to this Court.

Our scope of review is limited in an appeal from a denial of a motion for a new trial. A motion for a new trial is addressed to the discretion of the trial court, based on the circumstances of the particular case, and the court's action in granting or refusing such a motion will not be reversed in the absence of a manifest abuse of discretion or a clear error of law. *Gallo v. Redevelopment Authority of Sharon*, 19 Pa. Commonwealth Ct. 71, 339 A.2d 165 (1975).

On appeal here, the condemnor asserts three reasons why the trial court should be reversed:

First, the trial court erroneously held that, as a matter of law, it had no power to exercise its judicial discretion in considering the grant of a new trial because the jury's verdict was within the range of the testimony of record on the question of value.

We are satisfied that the condemnor misconceives the trial court's holding or position on this point. The trial court in its opinion in support of its order denying condemnor's motion for a new trial, after quoting the standard for the grant of a new trial enunciated in *Austin v. Ridge*, 435 Pa. 1, 255 A.2d 123 (1969), stated:

> Thus the established doctrine in Pennsylvania does not authorize nor permit us to grant a new trial merely because it is our opinion the jury found damages in excess of the damages we would have rendered on the same evidence in a trial before us without a jury. To grant a new trial for such reason we must find either that the verdict is against the clear weight of the evidence or that the judicial process has effected a serious injustice, *i.e.* the jury verdict is so opposed to the facts that the judicial conscience cannot let the verdict stand.
>
> . . . .
>
> In making a judgment within the guidelines referred to the enunciated principles of law compell us to deny defendant's motion for a new trial on the grounds of excessiveness, since we are now satisfied the verdict was not against the evidence nor the weight of the evidence nor that the verdict is so opposed to the facts that our judicial conscience cannot let the verdict stand.

Here, at trial, the condemnee's expert testified to damages of $61,000, and Vincent Gilotti, one of the landowners and a licensed realtor, testified to damages

of $70,000. The condemnor's two experts placed the damages incident to the appropriation at $12,255 and $11,000. The jury verdict of $68,000 was within the range of the testimony on value, and we cannot conclude that the trial court manifestly abused its discretion or committed a clear error of law in denying the motion for a new trial. *See Lorenzo v. Redevelopment Authority of Philadelphia,* 24 Pa. Commonwealth Ct. 593, 358 A.2d 130 (1976).

The condemnor next contends that the trial court failed to consider the award of the board of view, which was slightly more than one-sixth of the jury's verdict. In *Tinicum Real Estate Holding Corp. v. Department of Transportation,* Pa. , , 389 A.2d 1034, 1037-38 (1978), our Supreme Court marshalled the law and cases on this issue:

In an appeal to a court of common pleas from a board of viewers' award, the trial is an entirely *de novo* proceeding. Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L. 84, Art. VII, §703, as amended by Act of December 5, 1969, P.L. 316, §1, 26 P.S. §1-703 (Supp. 1977-78) (hereinafter cited as Eminent Domain Code); Manganese Steel Forge Co. v. Commonwealth, 421 Pa. 67, 218 A.2d 307 (1966). Although the amount of the board of viewers' award is not admissible into evidence at trial, Eminent Domain Code §703(3), 26 P.S. §1-703 (3), the trial court may properly consider it to determine whether a verdict is excessive or inadequate when the issue is raised by either party's motion for a new trial. Boring v. Metropolitan Edison Co., 435 Pa. 513, 257 A.2d 565 (1969). See also Stoner v. Metropolitan Edison Co., 439 Pa. 333, 266 A.2d 718 (1970) and Poulos v. Commonwealth, 438 Pa. 442, 266 A.2d 100

(1970). But the *mere* disparity between the two aforementioned awards is not sufficient grounds for granting a new trial, Boring v. Metropolitan Edison Co., supra. As we said in a case where the condemnor claimed the verdict was excessive:

> 'Our holdings in this regard are grounded upon the nature of the jury trial in a condemnation action. The jury trial provided by . . . the Code is a *de novo* proceeding. . . . Accordingly, the parties may present a case at trial which deviates considerably from that put before the Board of Viewers. Undue attention on appeal to the magnitude of the viewers' award would effectively deprive the dissatisfied condemnee of his statutory right to a jury determination of damages. . . . Rather than resting upon a comparison between the viewers' award and the jury verdict, our decision as to whether a new trial is called for requires a review of the testimony presented at trial to determine whether the jury verdict was excessive.'

Stoner v. Metropolitan Edison Co., 439 Pa. 333, 336-37, 266 A.2d 718, 721 (1970). (Emphasis in original.)

In the instant case, the trial court did review the testimony presented at the trial to determine whether the jury verdict was excessive. The trial court's determination was that the verdict was not excessive on the record in this case, and we cannot, after an independent examination of the record, conclude otherwise.

Finally, the condemnor asserts that the jury was misled and confused as to the nature and extent of the taking or appropriation by the condemnor. We find this assertion without merit. The resolution of the

condemnor setting forth the nature and extent of the appropriation of the condemnees' property interest was admitted into evidence as an exhibit and was taken out with the jury during its deliberations. Further, our examination of the trial court's charge to the jury convinces us that the trial court clearly expressed and explained to the jury that the nature of the taking was an easement with attendant rights to cut or trim trees and brush and remove buildings or other things within or adjacent to the appropriated easement.

Also, we note that, at the close of the trial court's charge, the counsel for condemnor failed to except to the charge or to request further or clarifying instructions. Under such circumstances, the condemnor cannot assert either that the charge was inadequate or in error as a reason for a new trial. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

The condemnor has also contended here that the trial court made certain incorrect trial rulings relative to admissibility of evidence, extent of permitted cross-examination, and the affirmation of the condemnees' point No. 3 for charge. We have considered each of the condemnor's contentions in regard to these matters and find them to be without merit.

Order affirmed.

### ORDER

AND Now, this 14th day of December, 1978, the order of the Court of Common Pleas of Carbon County, under date of November 3, 1977, denying Pennsylvania Power & Light Company's motion for a new trial and directing the entry, on praecipe, of judgment on the verdict, with due interest, is hereby affirmed.