In Re: Taking in Eminent Domain of Certain Parcels of Real Estate by the Redevelopment Authority of Easton, Pennsylvania et al. Raymond Moninghoff, Appellant.

Argued September 28, 1978, before Judges Mencer, Blatt and Craig, sitting as a panel of three.

*Robert L. Lansberry,* with him *Lansberry & Lansberry,* for appellant.

*Daniel E. Cohen,* with him *Seidel and Cohen,* for appellee.

Opinion by Judge Craig, February 2, 1979:

Condemnee Moninghoff appeals from the lower court's decision denying his claim for business dislocation damages in conjunction with the condemnation of his Easton property, which included a nine unit apartment building.

The Redevelopment Authority of Easton filed a declaration of taking, and paid estimated just compensation in the amount of $43,200 to condemnee. Viewers were appointed and filed their report on August 6, 1976 awarding condemnee general damages of $47,000,

but denying condemnee's claim for business dislocation damages. Condemnee appealed the general damage award to the Court of Common Pleas where the jury returned a verdict of $47,000 for the taking, but a judge denied the claim for business dislocation damages, under Section 601-A(b)(3) of the Eminent Domain Code (Code),[1] heard separately.[2]

Condemnee argues that he has met the burden of proof entitling him to dislocation damages by presenting substantial evidence of his inability to secure a relocation property, which in effect proves that he would necessarily suffer a substantial loss of patronage. Thus condemnee argues that the court erred as a matter of law by denying him business dislocation damages. We disagree and affirm the lower court's decision denying business dislocation damages.

Section 601-A(b)(3), provides in pertinent part:

(3) In addition to damages under clauses (1) or (2) of this subsection, damages of not more than ten thousand dollars ($10,000) nor less than twenty-five hundred dollars ($2,500), in an amount equal to . . . (ii) the average annual net earnings. . . . In the case of a business, payment shall be made under this subsection only if the business (i) cannot be relocated without a substantial loss of its existing patronage. . . .

In *March Brothers v. Redevelopment Authority of Philadelphia*, 20 Pa. Commonwealth Ct. 212, 215, 342 A.2d 131, 133 (1975) this court held that Section 601-A(b)(3) requires the condemnee to prove that "its business was of such a *character* that it could not be

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, added by Section 8 of the Act of December 29, 1971 P.L. 640, 26 P.S. §1-601-A(b)(3).

[2] The case was first tried on May 9, 1977 but resulted in a mistrial. Retrial occurred in October of 1977.

moved to another location without a substantial loss of existing patronage.'' (Emphasis added.)

In *March Brothers, supra,* we granted condemnee business dislocation damages relying on the following facts: (1) Condemnee, after a four-month search, could not find a replacement property which could be adapted to the specifications of condemnee's specialized equipment, and further, (2) the nature of the business there was such that it subsisted on wholesale restaurant food supply outlets in the plant's immediate vicinity.

What the evidence introduced by this condemnee tends to prove is that a single nine-unit apartment building was not available as a relocation property, and that, although there were apartments available in the Easton area which, in the aggregate, could have provided nine rental units, these separate units could not be purchased for the amount of the condemnation award.[3]

However, the business dislocation damage provision of the Code was not intended to serve as a supplement to an insufficient compensation award.

As Judge WILKINSON pointed out in *Appeal of Brennan,* 30 Pa. Commonwealth Ct. 58, 372 A.2d 1240 (1977) where the only loss suffered by the condemnee was "specific, individual customers,'' or "patrons,'' that does not amount to the "substantial loss of existing patronage'' which would in turn entitle condemnee to business dislocation damages provided by the Code.

Condemnee's inability to relocate his "business'' because of the non-existence of a matching replace-

---

[3] Testimony from Irving R. Houseworth, Mr. Moninghoff's nephew, and informal manager of the condemnee's three rental properties, indicated that, after calling a dozen realtors, the largest apartment available, for the price of $54,900, had six rental units. A number of smaller buildings, including three three-unit buildings, were for sale.

292

ment rental property is not proof of inability to relocate without substantial loss of patronage due to the local character of his business.

Because condemnee has failed to carry his burden of proof regarding the element of "substantial loss of patronage," he is not entitled to business dislocation damages. We therefore affirm the lower court's decision.

### ORDER

AND Now, this 2nd day of February, 1979, the order of the Court of Common Pleas, Northampton County, No. 33 October Term, 1975, Civil Division, is affirmed.