Herman Scott, Albert Katz and Reuben Katz, a Partnership, Appellants *v.* Redevelopment Authority of the City of Philadelphia, Appellee.

Argued April 5, 1979, before Judges Blatt, DiSalle and MacPhail, sitting as a panel of three.

*Lewis Kates,* with him *Joseph R. Livesey,* for appellants.

*Lawrence S. Rosenwald,* with him *Rosenwald and Pollack,* for appellee.

OPINION BY JUDGE MACPHAIL, September 24, 1979:

On September 24, 1970, the Redevelopment Authority of the City of Philadelphia (Condemnor) condemned realty located at 647 North Tenth Street, Philadelphia, Pennsylvania. The condemned property, which had a fully equipped bar on the first floor and apartments on each of the second and third floors, was owned by the partnership of Herman Scott, Reuben Katz and Albert Katz (Condemnees). Condemnees claimed just compensation for realty, machinery and equipment, and the diminution in value of their liquor license. The Board of View (Board) viewed the premises and awarded Condemnees damages in the total amount of $28,835.00, allocating $13,000.00 for real estate and $15,835.00 for machinery and equipment (no claim concerning the liquor license was made before the Board).

The Condemnor appealed and requested a jury trial. Before trial, Condemnor gave due notice[1] to

---

[1] Section 703(2) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-703(2), provides:

Condemnees that it intended to call John Fasy as a real estate valuation witness at trial. Condemnees served a subpoena upon Fasy the night before the trial began to bring all of his records, pictures and documentation pertaining to all properties on which he relied to determine the value of the condemned property.

At the trial, Condemnees' valuation expert presented testimony that Condemnees' damages consisted of realty—$17,500.00, machinery and equipment—$15,835.00, and liquor license—$7,500.00 less $2,500.00 for the sale thereof. Fasy, the sole witness for the Condemnor, testified to damages to the realty of $6,900.00. The Condemnor presented no testimony with respect to the machinery and equipment or the diminution in value of the liquor license. The jury returned a verdict of $18,000.00, allocating $11,500.00 for real estate, $6,500.00 for machinery and equipment and nothing for the liquor license.

Condemnees filed timely motions for a new trial and judgment n.o.v. The denial of those motions is the subject of the instant appeal.

The first issue raised by the Condemnees is whether the trial court erred in refusing to charge the jury that if they believed the testimony of the Condemnees' expert valuation witness regarding the value of the machinery and equipment, they were bound by that witness's testimony since there was no other testimony regarding the value of those items. Although our decision in *March Brothers v. Redevelopment Au-*

If any valuation expert who has not previously testified before the viewers is to testify, the party calling him must disclose his name and serve a statment of his valuation of the property before and after the condemnation and his opinion of the highest and best use of the property before the condemnation and of any part thereof remaining after the condemnation, on the opposing party at least ten days before the commencement of the trial.

*thority of Philadelphia,* 20 Pa. Commonwealth Ct. 212, 342 A.2d 131 (1975), does seem to lend some support to Condemnees' argument, we are of the opinion that the trial court correctly charged the jury in accord with the law as set forth in *Morrissey v. Department of Highways,* 424 Pa. 87, 225 A.2d 895 (1967), and *Ray v. Philadelphia,* 344 Pa. 439, 25 A.2d 145 (1942). Accordingly, we find no error in this regard.

Before trial Condemnees subpoenaed as their witness one Frank Delaney who had testified for the Condemnor before the Board. However, Condemnees did not call Delaney, allegedly because the Condemnor did not consent to having Delaney give his opinion of value. Condemnees then requested an "adverse witness" charge, which the trial court refused. Condemnees now contend that this was error. Condemnees have cited no authority for the premise that a subpoenaed witness cannot be called to testify on any relevant matter, even if the adverse party has instructed the witness to refuse to give an opinion if solicited. There is no authority for such a proposition. The trial court was absolutely correct in holding that the witness was available to both parties and certainly to the party that subpoenaed him. Finally, we must observe that if Delaney had testified for the Condemnees and had given the same testimony he had given before the Board, it would most certainly have been adverse to the *Condemnees.*

Condemnees contend that the trial judge committed reversible error by refusing to strike Fasy's testimony concerning the sales of three properties which Condemnees contend were not judicially comparable to the condemned property. *See Commonwealth v. 108.3 Acres of Land,* 431 Pa. 341, 246 A.2d 124 (1968). Having reviewed the record we are of the opinion that the action of the trial judge in this respect was not a gross abuse of his discretion. *See B & K Inc. v. Com-*

*monwealth,* 398 Pa. 518, 159 A.2d 206 (1960). Like the condemned property, all three comparables used by the witness were improved properties with three story buildings and were rented out by the owners to produce income. All were located in the city of Philadelphia within one mile of the condemned property. We conclude that there was no reversible error.

As we have noted, Condemnees served a subpoena upon Condemnor's expert witness to bring with him all of his records on which he was going to base his testimony. The witness failed to bring the records, claiming he did not understand the subpoena. When the issue was called to the attention of the trial court, it was thoroughly discussed by counsel with the court and some alternatives were explored. However, our careful review of the record fails to disclose any motion by counsel which was refused by the court concerning the problem. Counsel argues to us now that he was "forced" to cross-examine the witness without the benefit of the results of the subpoena. Actually, the record shows that after the matter of a continuance was discussed, counsel voluntarily proceeded to cross-examine the witness without any instruction from the court whatsoever. Again, we find no error.

Fasy testified that it was difficult to determine to what extent, if any, the value of the condemned property had been adversely affected by the imminence of condemnation. He did *not* testify that he valued the property as affected adversely by the imminence of condemnation as now contended by Condemnees. Considering that Condemnees had the opportunity to argue the point to the jury and that the trial court repeatedly instructed the jury not to consider any change in value due to the imminence of condemnation, we do not think that the trial court's refusal to strike Fasy's testimony in its entirety was reversible error.

Section 705(4) of the Eminent Domain Code, 26 P.S. §1-705(4), provides that the assessed valuation of condemned property shall not be admissible for any purpose, and is thus a complete answer to Condemnees' contention that a reviewing court should consider the assessed value of the condemned property in determining the adequacy of the verdict. Even if this were not the law, there is no evidence of the assessed valuation in the record. Therefore, Condemnees' contention that the verdict returned by the jury is grossly inadequate because it is less than the assessed value is without merit.

Neither are we persuaded that a verdict equal to sixty-two percent of the award of a board of view is inadequate as a matter of law. In *Abrams, Inc. v. Redevelopment Authority of Philadelphia*, 37 Pa. Commonwealth Ct. 343, 391 A.2d 1 (1978), we held that a jury verdict which was only forty-five percent of the award of the board of view was not per se inadequate. In *Abrams*, as here, the testimony of Condemnor's expert witness supported the jury's verdict. We were not convinced in *Abrams* that the trial court's refusal to grant a new trial was abuse of discretion or shocking to an appellate court's sense of justice, and we are not convinced here.

Order affirmed.

ORDER

AND Now, this 24th day of September, 1979, the order of the Court of Common Pleas of Philadelphia County, dated August 15, 1977, denying motions for a new trial and for judgment n.o.v. by Herman Scott, Albert Katz and Reuben Katz, is affirmed.