Borough of Tamaqua, Appellant *v.* Robert C. Knepper and Joanne Knepper, his wife, Appellees.

Argued September 12, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Edward H. Heitmiller,* for appellant.

*Pasco L. Schiavo,* for appellees.

OPINION BY JUDGE MENCER, November 21, 1980:

On July 15, 1975, the Borough of Tamaqua (Borough) began construction on a public roadway known as Yetten Circle. In the process of resurfacing the road, the grade level was raised several feet. Robert

and Joanne Knepper (condemnees) filed a petition for the appointment of a board of view to assess eminent domain damages to their property, which fronts on Yetten Circle. The board of view found that the raised grade level deprived the condemnees of access to their property and awarded $3,500 in damages. The Borough appealed to the Court of Common Pleas of Schuylkill County, where a jury awarded a verdict of $10,000 to the condemnees. The trial court denied the Borough's motion for a new trial and this appeal followed.

In an appeal from an order refusing a new trial, our scope of review is limited to a determination of whether the trial court was guilty of a manifest abuse of discretion or an error of law. *Pennsylvania Power & Light Co. v. Gilotti*, 39 Pa. Commonwealth Ct. 234, 395 A.2d 624 (1978). The Borough argues that (1) the verdict is against the weight of evidence and excessive as a matter of law and (2) the condemnees and their expert witness failed to consider the improvement to the property by the road construction as an element in their computation of damages.

The Borough's first contention is not supported by a review of the record. The condemnees and their expert witness testified to damages in the amount of $17,500 and $10,000, respectively, while the Borough's expert testified to an increase in value in the amount of $1,000. In a condemnation case, it is the province of the jury to weigh the credibility of conflicting testimony and determine the fair value of the property at the time of the taking. *Redevelopment Authority of the City of Philadelphia v. Cohen*, 31 Pa. Commonwealth Ct. 173, 375 A.2d 881 (1977). We cannot say that the verdict of the jury is so contrary to the weight of evidence as to shock one's sense of justice. *Faith United Presbyterian Church v. Redevelopment Authority*, 7 Pa. Commonwealth Ct. 490, 298 A.2d 614

(1972). Furthermore, where the jury views the premises, as in this case, its award is entitled to special weight upon appellate review. *Wolfe v. Redevelopment Authority of Johnstown*, 1 Pa. Commonwealth Ct. 172, 273 A.2d 923 (1971). After a view of the site, the jury may base its verdict upon its own judgment, following the court's instructions, and disregard the expert testimony entirely. *Commonwealth v. Herold*, 17 Pa. Commonwealth Ct. 148, 330 A.2d 890 (1975).

The Borough also maintains that the disparity between the jury award and the board of view award indicates the need for a new trial. While the board of view award is an appropriate consideration of the trial court on a motion for a new trial, it is only one factor and is secondary to a review of the entire evidence presented at trial. *Tinicum Real Estate Holding Corp. v. Department of Transportation*, 480 Pa. 220, 389 A.2d 1034 (1978). A mere discrepancy in the two awards is not a sufficient ground for granting a new trial. *Croop Estate v. Department of Transportation*, 38 Pa. Commonwealth Ct. 305, 393 A.2d 41 (1978).

The Borough's second argument is that the condemnees and their expert witness failed to consider the improvement to their property by the road construction as an element in their assessment of damages. Since this matter has been raised for the first time on appeal, we will not review the Borough's allegation of error. *Nobel v. West Penn Power Co.*, 36 Pa. Commonwealth Ct. 577, 388 A.2d 781 (1978).

Order affirmed.

### ORDER

AND Now, this 21st day of November, 1980, the order of the Court of Common Pleas of Schuylkill County, under date of July 23, 1979, denying the Borough of Tamaqua's motion for a new trial, is hereby affirmed.