Scranton Penn Furniture Company, Appellant *v.* City of Scranton, Appellee.

Argued June 7, 1985, before Judges Doyle and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*W. Boyd Hughes, Hughes, Nicholls & Lucas,* for appellant.

*Albert B. Mackarey,* Assistant City Solicitor, for appellee.

Opinion by Senior Judge Barbieri, September 20, 1985:

Scranton Penn Furniture Company (Scranton Penn) appeals the order of the Court of Common Pleas of Lackawanna County denying its motion for a new trial.

The City of Scranton (City) condemned a portion of Scranton Penn's property in 1981 for an extension of a street. The condemned portion consisted of a one story loading dock connected to Scranton Penn's main building and the land upon which it was erected. A Board of View found damages in the amount of $19,500 and both Scranton Penn and the City appealed.

A jury trial was held and Scranton Penn's owner, Mr. Jaffe, testified that his damages were $100,000. Scranton Penn's valuation expert, Mr. Goodman, testified, however, that the damages amounted to $70,910. Both Mr. Jaffee and Mr. Goodman based their estimates on the value of the entire property before the condemnation as unaffected thereby and the value of the property after the condemnation as affected thereby.

The valuation expert for the City, Mrs. Erhard, testified that the value of the land and the building taken was $7,500. She did not testify as to the "before" and "after" values of the entire property. Upon the conclusion of Mrs. Erhard's testimony, Scranton Penn moved to strike all of her testimony due to her failure to testify according to the "unit rule."[1] The trial court denied this motion, ruling, without elaboration, that Mrs. Erhard's testimony had "some evidentiary value";[2] however, the court also acknowledged

---

[1] See Section 602 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, as amended, 26 P.S. §1-602.

[2] The side-bar discussion concerning the motion to strike was as follows:

MR. HUGHES: [Counsel for Scranton Penn] Your Honor, can we approach side-bar, please?

(At side-bar:)

MR. HUGHES: On behalf of the condemnee, I'm going to move to strike Mrs. Erhard's testimony on the basis that it is not in accordance with the Eminent Domain Code as to the type of appraisal that must be made by a condemnor and offered to a condemnee. There is abso-

that the instructions to the jury would have to include a statement as to the proper measure of damages, *i.e.*, the aforementioned "before" and "after" values.

lutely no communication between she and the owner of the building regarding the structure. It was just her opinion that it had nothing to do with the main building. And she did not—she testified that it was attached to the main building, but that she only appraised the piece that was condemned. Granted, it was a partial condemnation, but the entire building should have been appraised before the condemnation and one figure put on it and the entire building appraised after the condemnation and another value put on it, and as such, I think that, in accordance with the law, this appraisal is not an adequate appraisal for condemnation purposes, not a legitimate offer made to the condemnee and it's not permissible in court; it's an invalid opinion.

MR. MACKAREY: [Counsel for the City] If the court please, the witness, it is agreed, was testifying as an expert. It was her opinion that this was not an integral part of the whole building, and she appraised the building as such. There is nothing in the law to say that she has to find that this is one building or not. She gave her opinion and she gave her reasons why.

THE COURT: Well, whether it's an integral part of the building or not doesn't change the law. The law says that this is a partial taking and even if it was a piece of land and no part of the building, it is still the before and after value.

MR. MACKAREY: Yeah, but she is saying that this building, this portion of the building was worth $7,500.00 and the damage value is 7,500; there is a zero taking of that building.

THE COURT: Well,—

MR. MACKAREY: That's her opinion.

THE COURT: —I'll allow it. It has some evidentiary value. We will allow her to give her opinion as to what she thought this piece was worth.

MR. MACKAREY: Right. That's what I'm saying.

THE COURT: However, the instructions are going to have to be that the measure of damage will have to be the before and after value. That's the only measure they can use.

Counsel for Scranton Penn excepted to this ruling and the trial proceeded.

Thereafter, the trial judge instructed the jury and, in accordance with his earlier ruling on the motion to strike, he specified the appropriate measure of damages.[3] After its deliberations, the jury returned a ver-

MR. HUGHES: All right. I would like the record to note an exception, your Honor, just to protect myself.

THE COURT: All right. Exception noted.

MR. HUGHES: Thank you.

[3] The portion of the trial judge's charges to the jury relevant to the proper measure of damages was as follows:

Now this is a very simple case in many respects. It is to determine what value—what is the fair market value and what is the just compensation that should be awarded to the plaintiff in this case. There is no question that the government has the right to take property. We see it happen all the time when they build highways, roads, bridges or build schools or any other public building, they must take real estate from someone, and the State has the right to do that, the City and the County and the Federal Government. And that is not an issue here, whether there is any right to take that property. The issue is: What is the plaintiff entitled to receive as just compensation? So the only thing that is contested in this case is the extent or amount of the compensation for damages; not whether he should get any or not. The defendant in this case, the City, they admit that he is entitled to compensation. The only question is: What is the amount he should receive?

The true measure of damages, the law says, in a case such as this, is just compensation, and the measure of damages is just compensation shall consist of the difference between the fair market value of the condemnee's property, his *entire* property, immediately before the condemnation and unaffected thereby, and the fair market value of his property remaining immediately after such condemnation and as affected thereby or any other damages that he would be entitled to under the law.

So we caution you and tell you that the fair market value and the just compensation which the plaintiff in

dict of damages in the amount of $15,000.00. Subsequently, Scranton Penn filed its motion for a new trial,

this case is entitled to is: What is the value of his entire property before the condemnation, unaffected by it, and then the value of his property after the condemnation and as affected by it and the difference between the two.

The plaintiff himself says in his opinion, he is entitled to a hundred thousand dollars worth of damages. He says that's the difference between the before and after value.

His expert puts the amount at seventy thousand.

The defendant in this case, although they gave you a replacement cost of the particular part that was taken, they really did not give you what the law says is the measure of damages in this case. They did not give you the value of the property, the *entire* property, immediately before, and the *entire* property after as affected by the taking.

So you are left with a high figure of a hundred thousand, another figure of seventy thousand, and then on the other side, all you have is the opinion of the expert as to what the replacement cost would be of this particular item that was taken. But you really have no evidence as to the measure of damages under the law, because the measure of damages under the law is the difference between the before and after values, as affected by the condemnation.

So the plaintiff is entitled to receive compensation. What is the extent or the amount of compensation he is entitled to? What this means is that the real estate— you are to consider all the evidence, both the plaintiff's and the defendant's. In considering the evidence, you must determine the credibility of the witnesses; you must determine the weight to be given to the evidence and the testimony. By weighing evidence, we mean that you consider its convincing or persuasive quality, its effect in inducing belief. After you have done all this, you arrive at a sum which the evidence persuades you is the plaintiff's just compensation or the extent of his damages. It represents the fair market value of the real estate. You should remember that you may believe all, none or part of the testimony of any of the witnesses. You should give consideration to the testimony of any experts, but you're not bound

which, after receiving briefs and oral argument from the parties, the common pleas court denied. The instant appeal ensued.

Before this Court, Scranton Penn contends that it is entitled to a new trial because the presence on the record of the testimony of Mrs. Erhard which violated the "unit rule" resulted in prejudice to Scranton Penn in that the jury was permitted to consider an estimate of damages which did not comport with the applicable

by it. By the same token, you may not substitute your own ideas as to the value of the property.

So, again, I say to you that this is not a difficult case. It's only a question of what damages the plaintiff is entitled to, and, as I told you, the measure of damages, the law says, is you take the value of the entire property before the condemnation and unaffected by it, then you take the value of the entire property after the condemnation, as it was affected by it, and whatever the difference in value is, that's what he is entitled to as compensation. If a person just had a piece of real estate with no building on it and you took a piece of the—cut off a partial part of that real estate, you would always have to take into consideration what the value was before and after, and the difference would be your measure of damages. That's what the law says the measure of damages is when there is a partial taking of property. It's not just what the part was worth that was taken. It's what the whole part was worth before the part was taken, what the whole thing was worth after a part was taken, and the difference is what he is entitled to. You can readily see that if someone came and took a part of your house, and you said, "Well, I only want to give you what the value of the part that was taken," but you would say "Yes, but it had an effect on the rest of the house." So in determining the value in this case, you have to consider the entire property, the value of it before the condemnation, and then the entire property and the value after, and the difference would be the measure of damages.

Now, as I said, you're not bound to accept all the testimony that was given by all of the experts and all the people who testified, but you can accept all, any or part of it. (Emphasis in original.)

legal standard. The City responds that a new trial is not warranted because the error, if any, of admitting Mrs. Erhard's testimony was corrected by the trial court in the charge to the jury.

In an appeal from an order refusing a new trial, we are limited to determining whether the common pleas court committed a manifest abuse of discretion or an error of law. *Borough of Tamaqua v. Knepper,* 54 Pa. Commonwealth Ct. 630, 422 A.2d 1199 (1980).

Initially we note that there is no dispute here over the applicability of the "unit rule" to this matter, nor, we believe, can there be any doubt that Mrs. Erhard's testimony violated that principle. *See Dannemann Appeal,* 44 Pa. Commonwealth Ct. 445, 404 A.2d 725 (1979). Rather, we must determine whether the admission of her improper testimony was so improper that a new trial on damages is required despite the trial judge's corrective efforts in the charge.

Of course, the admission of improper evidence can in some cases be cured by appropriate instructions from the court. *Furey v. Thomas Jefferson University Hospital,* 325 Pa. Superior Ct. 212, 472 A.2d 1083 (1984). Nevertheless, some improperly admitted evidence may be so prejudicial that a new trial is required. *Trump v. Capek,* 267 Pa. Superior Ct. 355, 406 A.2d 1079 (1979). Whether or not the error was corrected involves a consideration of the circumstances under which the evidence was given and its probable effect on the jury. *Saunders v. Commonwealth,* 345 Pa. 423, 29 A.2d 62 (1942); *Furey.*

The City, relying on *Borough of Tamaqua,* argues that it is the province of the jury to weigh credibility and determine the fair market value of the property at the time of taking. Therefore, the City would have us conclude that in this case, the jury's verdict was a product of that process. While we do not dispute the foregoing principle, we believe that *Borough of Tama-*

*qua* is distinguished from the present case because the *Borough of Tamaqua* jury viewed the property involved. Accordingly, there existed in the record of that case, evidence upon which the jury, even if it had disregarded all of the other testimony, properly could have based its verdict on the amount of damages. *Morrissey v. Commonwealth,* 440 Pa. 71, 269 A.2d 866 (1970).[4] In the case *sub judice,* however, no view was taken by the jurors and had the improper testimony of Mrs. Erhard been stricken, the only evidence on damages on the record would have been the amounts in the testimony of Mr. Jaffee and Mr. Goodman.[5] And even though a jury may believe all, part, or none, of the testimony of any witness, a jury may not disregard the record evidence as to property values in a condemnation case and substitute its own ideas. *Commonwealth v. Herold,* 17 Pa. Commonwealth Ct. 148, 330 A.2d 890

---

[4] As will be explained, the instant case does not present us with a situation where a jury merely gave greater weight to the testimony of one expert witness over that of another, nor do we have a situation where the jury simply resolved discrepancies in the testimony of expert witnesses; accordingly, the City's reliance on *Tinicum Real Estate Holding Corporation v. Commonwealth,* 480 Pa. 220, 389 A.2d 1034 (1978) and *Abrams, Inc. v. Redevelopment Authority, City of Philadelphia,* 37 Pa. Commonwealth Ct. 343, 391 A.2d 1 (1978), is misplaced.

[5] In *March Brothers v. Redevelopment Authority, City of Philadelphia,* 20 Pa. Commonwealth Ct. 212, 342 A.2d 131 (1975), this Court en banc held that where a condemnor's expert did not inspect or separately value loose items of machinery and equipment apparently on the assumption that the condemned plant was not an assembled economic unit and the loose machinery and equipment would be removed by the condemnee, the condemnee's estimate of the value of the loose items was unrebutted and conclusive on the trial court which did not personally view the machinery and equipment involved. *But see Scott v. Redevelopment Authority, City of Philadelphia,* 46 Pa. Commonwealth Ct. 171, 405 A.2d 1155 (1979) (relying on *March Brothers* condemnee alleged error in trial court's refusal to charge jury that if they believed the testimony of the con-

(1975).[6] We believe that, under the circumstances of this case, where the jury did not view the property, the verdict of $15,000, being exactly double the amount of damages in the improper testimony of Mrs. Erhard and far below the other amounts in evidence, could only be based on that improper testimony and the decision of the trial court to allow such testimony to remain on the record over Scranton Penn's objection was so prejudicial that the corrective efforts in the charge were unavailing. We must conclude, therefore, that the trial court's refusal to strike the objectionable testimony constituted a manifest abuse of discretion and that a new trial on damages is required.

Accordingly, we will reverse the order of the common pleas court denying a new trial.

### ORDER

AND Now, September 20, 1985, the order of the Court of Common Pleas of Lackawanna County, dated July 2, 1984, is reversed and the matter is remanded for a new trial.

Jurisdiction relinquished.

Judge PALLADINO dissents.

Judge BARRY did not participate in the decision in this case.

---

demnee's expert valuation witness regarding the value of machinery and equipment, they were bound by that witness' testimony since there was no other testimony regarding the value of those items, a unanimous three judge panel of this Court held that, although *March Brothers* seemed to lend some support to condemnee's argument, the trial court had correctly charged the jury.

[6] In another context, we rejected an argument that a fact-finder could properly rule against the party not having the burden of proof simply due to the fact-finder's disbelief of the unburdened party's testimony where the burdened party failed to produce competent contradictory evidence to meet its burden. *Kiriluk v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 229, 398 A.2d 772 (1979).