544 A.2d 551

In The Matter of Condemnation of Rights of Way and Easements Situate in Derry Township, Westmoreland County, Pennsylvania, by The Derry Township Municipal Authority for Sewage Purposes. Property of Stanley Laszczynsky. Stanley Laszczynsky, Appellant.

2

Argued May 27, 1988, before Judges BARRY and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*H. Nevin Wollam,* for appellant.

*James E. Kelley, Jr., Lightcap, McDonald, Moore & Mason,* for appellee.

OPINION BY JUDGE BARRY, July 18, 1988:

Stanley Laszczynsky, the condemnee, appeals from an order of the Court of Common Pleas of Westmore-

land County awarding him $7000.00 in damages and $6124.30 for costs, fees and expenses.

In June of 1980, the Derry Township Municipal Authority filed a declaration of taking which appropriated a permanent easement in the condemnee's property. The condemnor planned to construct and install a sewer line. A contractor did construct the sewer line; however, it was outside the condemned right of way. The condemnor never relinquished the easement obtained in the declaration of taking.

The condemnee filed a petition for the appointment of viewers. The parties agreed that the construction of the sewer line outside the condemned right of way constituted a de facto taking. The Board of Viewers filed its report in April of 1984. The condemnee appealed and a non-jury trial was held in February of 1987. The trial court found that the condemnee was entitled to $5000.00 for the de jure condemnation and $5000.00 for the de facto condemnation; the court reduced this amount by $3000.00, which the court found to represent the benefit conferred upon the property because of the construction of the sewer line. The court also awarded $6124.30 for costs, fees and expenses. The condemnee then appealed to this Court.

In an eminent domain case, our review is limited to determining whether the trial court abused its discretion or committed an error of law. *Redevelopment Authority of the County of Washington v. Sepesy*, 107 Pa. Commonwealth Ct. 223, 528 A.2d 287 (1987). Keeping in mind this limited scope of review, we will review the condemnee's allegations of error.

The condemnee first argues that the trial court erred in assessing benefits in a de facto taking. Section 606 of the Eminent Domain Code, Act of June 22, 1964, P.L. 84, *as amended*, 26 P.S. §1-606 (Supp. 1988), provides, "In determining the fair market value of the remaining

property after a partial taking, consideration shall be given to the . . . benefits specially affecting the remaining property due to its proximity to the improvement for which the property was taken." The condemnee concedes that Section 606 applies to a de jure condemnation but argues that *Trux Realty Co., Inc. v. Cranberry Municipal Sewer & Water Authority,* 8 Pa. Commonwealth Ct. 190, 302 A.2d 880 (1973) prevents application of Section 606 in a de facto taking. We disagree.

In *Trux Realty,* the Authority obtained some of the necessary properties by grant of the landowners; the remaining parcels were condemned pursuant to a declaration of taking. The Authority then filed a petition for appointment of viewers seeking, *inter alia,* to assess benefits for the properties obtained by grant. The trial court eventually entered judgment of $5640.00 against one of Trux's properties which had been obtained by grant. The only issue presented to this Court was the propriety of assessing the property using procedures contained in the Eminent Domain Code. We held that Section 606 did not provide legal authority for such a procedure *because, the property involved was not condemned;* we noted that such a lien could be filed pursuant to Section 10 of the Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. §7144 which details the filing of municipal claims in a context where a condemnation does not occur. Even a cursory reading of *Trux Realty* reveals that it does not stand for the proposition that Section 606 does not apply to de facto takings. We can find no legal authority for such a proposition and Section 606 makes no distinction between de facto and de jure condemnations. The condemnee's argument thus is without merit.

The condemnee next argues that the trial court erred in failing to give proper weight and credence to his own testimony on the question of damages. It is well

settled that questions of credibility are strictly for the fact finder, *Borough of Tamaqua v. Knepper*, 54 Pa. Commonwealth Ct. 630, 422 A.2d 1199 (1980), in this case the judge sitting without a jury. We find no error in this regard.

The condemnee next argues that the trial court erred in reducing the amount awarded for various fees. After the proceedings before the board of view, the condemnee discharged his original attorney. He then hired present counsel to represent him before the trial court. At the end of the trial, the court apportioned the costs claimed by the condemnee between the de facto condemnation and the de jure condemnation.

Section 609 of the Eminent Domain Code permits the condemnees in a de facto taking to recover "reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred." 26 P.S. §1-609 (Supp. 1988). In a de jure condemnation, however, the condemnee's reimbursement for those same items is limited to $500.00. 26 P.S. §1-610 (Supp. 1988). The reasonableness of fees charged and actually reimbursed under Section 609 is within the sound discretion of the trial court. *Benkovitz Appeal*, 70 Pa. Commonwealth Ct. 230, 452 A.2d 1113 (1982). Here, the court calculated that portion of all fees which related to the de facto condemnation and reimbursed all such costs. The court also reimbursed the statutory maximum of $500.00 for the de jure condemnation. This was not an abuse of the trial court's discretion.

The condemnee finally argues that the trial court erred in refusing to award delay damages pursuant to Section 611 of the Eminent Domain Code, 26 P.S. §1-611 (Supp. 1988). The condemnor agrees that the condemnee is entitled to delay damages. There is some dispute as to whether estimated just compensation was ever paid to the condemnee. As a result, we must re-

mand the matter to the trial court to determine if estimated just compensation was ever tendered and to then calculate the delay damages due to the condemnee.

## ORDER

Now, July 18, 1988, the order of the Court of Common Pleas of Westmoreland County, dated June 18, 1987, at No. 1353 of 1981 is affirmed except insofar as the order failed to award delay damages pursuant to 26 P.S. §1-610. To that extent, the order is vacated and the matter is remanded for the calculation of delay damages.

Jurisdiction relinquished.