In Re: Condemnation by the Com. of Pa., Department of Transportation etc.

Stanley and Carol Doknovitch *v.* Commonwealth of Pennsylvania, Department of Transportation.

Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued November 16, 1981, before Judges Mencer, Rogers and Blatt, sitting as a panel of three.

*William J. Cressler,* Assistant Attorney General, with him *Peter J. Comerota,* Assistant Attorney General, *Ward T. Williams,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for appellant.

*E. Charles Coslett,* with him *Charles R. Coslett, Coslett & Coslett,* for appellees.

OPINION BY JUDGE BLATT, March 25, 1982:

This case is before us on appeal by the Pennsylvania Department of Transportation (DOT) from an order of the Court of Common Pleas of Luzerne County granting a new trial to the appellees, Stanley and Carol Doknovitch.

The appellees, who own a single-family residence in Kingston Township, Luzerne County, brought an

action against DOT in which they alleged that they suffered consequential damages when nearby road construction caused water to enter their home. A Board of View determined that the appellees were entitled to $22,000 in damages and, upon an appeal by DOT, a trial was conducted after which a jury returned a verdict of $10,000. The court declared a mistrial, however, after a poll of the jury, which was requested by the appellees, revealed that its verdict was not supported by a 5/6 majority. A new trial was conducted which resulted in a verdict in favor of DOT and the court below thereafter granted the appellees' motion for another new trial. The lower court granted the motion partially because it concluded that certain testimony which the appellees sought to introduce was incorrectly excluded and also because the court held that the verdict was against the weight of the evidence inasmuch as the admittedly severe damage to the appellees' home occurred at the time of the road construction here concerned and it was found in the two prior proceedings that DOT was responsible. DOT then filed this appeal.

DOT contends that the lower court abused its discretion by granting another new trial. It argues that the testimony which the appellees sought to have admitted was properly excluded and that the lower court usurped the jury's factfinding role and erred in considering the result reached by the Board of View and the first jury.

The appellees had attempted to introduce the testimony of one of their neighbors, a Mrs. Donnelly, to establish that DOT's attorney had called her two weeks before the second trial and asked what she thought caused the damage to the appellees' home. The inference from this question, according to the appellees, was that DOT itself had doubts, as expressed through its counsel, as to its contention that the road

construction did not cause the damage involved here. The trial court excluded such testimony, but, in its ruling on the motion for a new trial, it held that such exclusion had been improper because the possibility that adverse inferences could be drawn from the questions asked by DOT's attorney should have been left up to the jury.

We believe that the trial judge was correct in his original ruling excluding Mrs. Donnelly's testimony. Counsel for DOT had been engaged in trial preparation at the time when he questioned Mrs. Donnelly and was merely interviewing her as a witness as part of his investigation. Any inference adverse to DOT which could be drawn from the simple fact that certain questions were asked by him would be merely conjectural and speculative. Moreover, an attorney as an advocate for his client and as an officer of the court has a duty to uncover all the facts relevant to his case, and how else can he accomplish that task than by interviewing and *questioning* potential witnesses? We would seriously impede such investigative efforts if we were to hold that an attorney's pre-trial questions raised inferences which were adverse to his client's interests. We do not believe, therefore, that the fact that DOT's counsel made the inquiries here concerned raises any legally admissible inference inconsistent with the theory of causation which DOT espoused at the trial.[1]

Our resolution of this question, however, does not require that we reverse the lower court, for the granting of a new trial is within the discretion of the trial judge if he believes that such is necessary in order to

---

[1] We would note that a contrary resolution of this issue would compel an attorney to testify as to his reasons for asking the questions in order to rebut the inference and he might then be required to withdraw as counsel in that case if Disciplinary Rule 5-102(A) of the Code of Professional Responsibility, DR 5-102(A), was found to apply.

avoid a miscarriage of justice or if the verdict is against the weight of the evidence. And we may overturn that determination only if we find that a manifest abuse of discretion was committed or an error of law was made. *Redevelopment Authority of Philadelphia v. United Novelty & Premium Co.*, 11 Pa. Commonwealth Ct. 216, 314 A.2d 553 (1973).

The question as to whether or not the water damage to the appellees' home was caused by the nearby road construction was admittedly a question of fact for the jury as to which conflicting evidence was presented. The lower court, however in granting the new trial, was influenced by the prior resolutions of the causation issue by the Board of View and the first jury. Our Supreme Court has held that a trial court in refusing to grant a new trial, may consider the decision of a prior jury which was consistent with that of the jury in question, *O'Donnell v. Philadelphia Record Co.*, 356 Pa. 307, 51 A.2d 775 (1947), and we believe that such a consideration is also relevant where, as here, the resolution of a factual issue by two prior factfinders was at odds with that of the latest. *See also Tinicum Real Estate Holding Corp. v. Department of Transportation*, 480 Pa. 220, 389 A.2d 1034 (1978).

This is an unusual case and we recognize that the trial judge by granting a new trial came perilously close to usurping the jury's role as factfinder, but we cannot say that the decision of the court below rose to the level of a manifest abuse of its discretion. *See United Novelty.*

We will therefore affirm the granting of a new trial.

ORDER

AND Now, this 25th day of March, 1982, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is affirmed.

Judge MENCER dissents.

Judge ROGERS concurs in the result only.

Judge PALLADINO did not participate in the decision in this case.