William E. Hall and Shirley H. Hall, Appellants *v.* The Middletown Township Delaware County Sewer Authority, Appellee.

Argued April 4, 1983, before Judges Rogers, Williams, Jr. and Barbieri, sitting as a panel of three.

*Read Rocap, Jr., Rocap, Rocap & Giunta,* for appellants.

*Glenn Diehl,* with him *Robert B. Surrick,* of counsel, *Levy & Surrick,* for appellee.

Opinion by Judge Rogers, June 24, 1983:

William E. Hall and Shirley H. Hall have appealed from an order of the Court of Common Pleas

of Delaware County sustaining the preliminary objections of the Middletown Township Sewer Authority to their petition for the appointment of viewers.

The Halls are the owners, as tenants by the entirety, of land located in Middletown Township. Sometime in September, 1968, a construction contractor engaged by the Authority installed a sanitary sewer line in the Halls' land. No declaration of taking had then been, or was ever later, filed by the Authority nor have the landowners been paid any compensation for the construction of the sewer on their land.

The Halls filed their petition for the appointment of viewers on October 27, 1981. The Authority filed a preliminary objection contending that the petition for viewers was untimely filed because the six-year statute of limitations for filing a petition for the appointment of viewers for the assessment of damages for condemnation or compensable injury provided by Section 524 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-524, had long since expired. The Halls filed an Answer and New Matter to which the Authority filed a Reply to New Matter.

Section 524 of the Eminent Domain Code provided:[1]

A petition for the appointment of viewers for the assessment of damages for a condemnation or compensable injury may not be filed after the expiration of six years from the date on

---

[1] Section 524 was repealed by Section 2(a) [1376] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202. It was replaced at 42 Pa. C. S. §§5527 and 5530. Section 25(b) of the Act of July 9, 1976, P.L. 586, provides that no "cause of action fully barred shall be revived by reason of the enactment of" the Judicial Code which is Section 2 of the Act of July 9, 1976, P.L. 586.

which the condemnor made payment in accordance with section 407(a) or (b) of this act where the property or any part thereof has been taken, or from the date of injury where the property has been injured but no part thereof has been taken. If such petition is not filed before the expiration of such period, such payment shall be considered to be in full satisfaction of the damages.

The Authority's preliminary objection is to the effect that, no declaration of taking having been filed, there was no taking; that the Halls are therefore complaining of an injury only; and that the injury having occurred in 1968, their petition for viewers filed in 1981 is untimely.

In *Commonwealth's Crosstown Expressway Appeal,* 3 Pa. Commonwealth Ct. 1, 281 A.2d 909 (1971), we approved the use of preliminary objections as the appropriate procedure to test the legal sufficiency of a petition for the appointment of viewers where, as the Authority says is the case here, a *de facto* taking is alleged. In *Jacobs v. Nether Providence Township,* 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972) we held that when a preliminary objection in the nature of a demurrer is filed to a landowner's petition for viewers and where the trial court can conclude as a matter of law that the averments of the petition are insufficient to state a cause of action of a compensable injury, the court should dismiss the petition or allow the petitioner to amend; but that if the averments of the petition, if proven, may make out a cause for which damages may be established, the trial court should finally pass on the sufficiency of the petition or allow an amendment or itself make an evidentiary record upon which to determine the suf-

ficiency of the claim. We also declared in *Jacobs v. Nether Providence:*

> The role of preliminary objections to a formal declaration of taking in eminent domain cases as prescribed by Section 406 of the Eminent Domain Code, 26 P.S. §1-406, and as construed by the Supreme Court and this Court is not precisely that of preliminary objections as prescribed by the Pennsylvania Rules of Civil Procedure in actions covered by those rules. In eminent domain cases, they serve a somewhat broader purpose and are intended as a procedure to resolve expeditiously threshold legal issues without awaiting further proceedings before viewers and possibly a jury trial on appeal from a viewer's report. In directing the court to determine promptly all preliminary objections, to make such orders as necessary, including a final order, and to take evidence by deposition or otherwise if issues of fact are raised, the provisions of Section 406 manifest a legislative intent to have such matters judicially determined prior to further proceedings thereby avoiding what might prove to be the unnecessary expenditure of considerable amounts of money and time incident to proceedings before viewers and to a jury trial on appeal from a viewer's report. McConnell Appeal, 428 Pa. 270, 236 A.2d 796 (1968); Golden Dawn Shops, Inc. v. Philadelphia Redevelopment Authority, 3 Pa. Commonwealth Ct. 314, 282 A.2d 395 (1971).

*Id.* at 598, 297 A.2d at 553. *See also In re: Petition of James E. Ramsey,* 20 Pa. Commonwealth Ct. 207, 342 A.2d 124 (1975).

In *Crosstown* the allegations of the landowner's petition for viewers were that their land had been the subject of a *de facto* taking. The preliminary objection was one in the nature of a demurrer asserting that there was no taking. The pleading thus presented a clear occasion for the trial court to make an evidentiary record. Here, the Halls assert that their property was injured in 1968; and the preliminary objection simply raises the bar of a statute of limitation. The pleadings present no issues of fact. The Halls contend, however, that they could establish facts which would show that the Authority waived, or by reason of its conduct should be estopped from raising, the bar of the statute of limitation or that their property was taken *de jure* by the Authority with no payment, so that the statute never commenced to run. They advanced these causes by averments of fact in their Answer and New Matter to the preliminary objection and the Authority by Reply put the facts in issue. The Eminent Domain Code does not authorize, indeed does not mention, any pleadings to follow preliminary objections to a petition for viewers. We nevertheless conclude that pleadings following the preliminary objections are necessary in circumstances like these here—where there are underlying issues of fact but the pleadings authorized by the Code have not put them at issue. Hence, the use here of Answer and Reply was appropriate. A brief further word on the subject would seem to be in order.

The Pennsylvania Rules of Civil Procedure do not apply in eminent domain proceedings, but they are instructive. Pa. R.C.P. No. 1017(b)(4) allows the bar of a *nonwaivable* statute of limitations *which destroys the right of action* to be the subject of a preliminary objection in the nature of a demurrer. But Pa. R.C.P. No. 1030 requires that the bar of a statute

of limitation which is not nonwaivable or destructive of the action be raised as an affirmative defense pleaded as New Matter. Hence, if the cause *sub judice* were to be pleaded under the Rules of Civil Procedure, the limitation of Section 524 of the Eminent Domain Code, being waivable and not destructive of the cause of action, would needs be pleaded as New Matter to which a Reply would be the means of response; and issues of fact being thus raised, the trial court would be constrained to take evidence "by deposition or otherwise" as provided by Pa. R.C.P. No. 1028(c). Finally, Pa. R.C.P. No. 1017(a) includes as allowed pleadings not only a preliminary objection but also "an answer thereto."

Section 504 of the Eminent Domain Code, 26 P.S. §1-504 deals with preliminary objections to the appointment of viewers, and provides that they must be filed within twenty days after the receipt of notice of the appointment of viewers,[2] and that "if an issue of fact is raised, evidence may be taken by deposition or otherwise as the court shall direct."

Returning to the case at hand, we note that the Halls in their Answer and New Matter to the preliminary objection allege that, after receiving assurances by the Authority that their interests would be protected, they permitted the Authority's sewer to be placed on their land; that their permission was memorialized by a writing, part of which we reproduce in the margin;[3] that negotiations between the

[2] We note that viewers were appointed by the trial court in this case on October 28, 1981, and that the Authority's preliminary objections were filed November 23, 1981, twenty-six days later. The record does not reveal when notice of their appointment was received by the Authority; and the Halls have raised no question in this regard.

[3] The writing which bears only the Halls' signature reads pertinently as follows:

parties relative to damages were conducted as late as in the Spring of 1981; that they frequently asked the Authority to file a declaration of taking; and that the Authority acted in bad faith in failing and refusing to file a Declaration of Taking and in other respects particularly described. The Authority by its Reply denied that assurances were given to the Halls that their interests would be protected, disclaimed any knowledge of the writing, denied doing the things

### PERMIT TO ENTER PREMISES

We hereby authorize the employees of James Julian Co., Inc. and/or the employees of Joseph Paolino & Sons to enter upon the premises and construct a sewer line within the easement as shown on the Plan prepared by G. D. Houtman & Sons as provided by the Middletown Township, Delaware County Sewer Authority.

The grant of this permission is in no way to be construed as the grant of any permanent or temporary easement across our property or is in any way to be considered an agreement between ourselves and the Middletown Township, Delaware County Sewer Authority for a permanent easement. This permission is being given solely to allow the construction of the sewer line during negotiations between ourselves and the Middletown Township, Delaware County, Sewer Authority for an easement across our property. Should such an agreement not be reached we hereby reserve unto ourselves all rights which we have with regard to securing just compensation for the portion of the property being used, under *condemnation procedures, which we understand the Authority will institute should an agreement not be reached.* We understand that this permission is being given solely for the convenience of the Authority while negotiations and/or condemnation procedures are proceeding and/or being undertaken.

It is further understood that the permission herein given shall not extend to nor include any permission whatsoever, for the entry upon the ground within the easement lines aforesaid for the construction of a sewer lateral to serve the property situate known as 19 Laurel Lane. (Emphasis supplied.)

which the Halls pleaded demonstrated bad faith in the negotiations and demanded "strict proof at the trial of this cause" of the Halls' allegations.

The legal issues are (1) whether on the facts, the Authority by its actions, including the written permission, agreed to waive the statute of limitations, (2) whether the Authority should be estopped by its acts of bad faith, to invoke the statute of limitations and (3) whether the facts demonstrate that indeed the Halls' property was taken *de jure* without payment so that the statute never began to run.

The issue of fact in *Jacobs v. Nether Providence,* where we held that the court should make an evidentiary record, was that of whether the activities of the alleged condemnor constituted a *de facto* taking. The issues of fact here are those upon which the Halls rest their claims that the Authority agreed to waive the statute, that by its conduct the Authority is estopped from raising it and, in the alternative, that there was a *de jure* taking of their land. Therefore, the trial court should have made an evidentiary record and thereupon disposed of the issues of fact and law.

We vacate the order of the court dismissing the plaintiff's petition for viewers and remand the record for proceedings consistent herewith. Jurisdiction relinquished.

---

The trial judge reproduced part of the second paragraph of the above in his memorandum in support of sustaining the Authority's preliminary objection. He dropped from his reproduction the portion of the second paragraph to which we have added emphasis—"condemnation procedures, which we understand the Authority will institute should an agreement not be reached"—and it is on this phrase which we understand the Halls to base their arguments that the Authority agreed that the statute should not run while the matter of damages was unsettled and that the Authority should be estopped from invoking the statute of limitations.

## ORDER

AND Now, this 24th day of June, 1983, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby vacated, and the matter is remanded to that Court for further proceedings consistent with our opinion. Jurisdiction is relinquished.