566 A.2d 357

**BUCKS COUNTY WATER AND SEWER AUTHORITY, Appellant,**

v.

**Robert L. RAWLINGS, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided Nov. 15, 1989.

Nicholas A. Leonard, Jaczun, Grabowski & Leonard, Perkasie, for appellant.

Robert M. Donovan, with him, Alan D. Williams, Jr., Williams, Schildt & MacMinn, P.C., Doylestown, for appellee.

Before CRUMLISH, Jr., President Judge, and BARRY (P.) and McGINLEY, JJ.

## OPINION

BARRY, Judge.

This is an appeal by the Bucks County Water and Sewer Authority, in an eminent domain proceeding, from an order which entered judgment against the appellant on November 2, 1988. The sole issue raised by the appellant is that the trial court abused its discretion in allowing evidence of a de facto rather than a de jure taking and in failing to allow evidence of the liability of the independent contractor who constructed the sewage extension project and who admittedly placed a pump station building outside of the area of the formal condemnation. The trial court ruled prior to the start of the case (R. 63(a)) that the contractors were agents of the authority and that the authority had a nondelegable

duty to see that the building was built according to a de jure taking. The trial court requested the jury to enter what it called a "real" verdict assuming a de facto taking and an advisory verdict which assumed that the building had been constructed de jure. The jury entered a "real" verdict in favor of the appellee in the amount of $55,000 and an advisory verdict in the amount of $10,000.

■ The appellant argues to this Court that the case of *Deets v. Mountaintop Area Joint Sanitary Authority*, 84 Pa. Commonwealth Ct. 300, 479 A.2d 49 (1984), is controlling. *Deets* held under the facts of that case that the property owner's sole remedy in a case involving negligent actions of an independent contractor is an action in trespass against the offending contractor. No post-trial motions were filed by the appellant in this case and no opinion was filed by the trial court. We, accordingly, have no review by the trial court of the propriety of its rulings or an analysis of the *Deets* case. The trial court stated that the issue of de facto or de jure condemnation was reserved for appeal. The appellant argues in its brief that the issue is preserved here.

We are of the opinion that the appellant is mistaken. Rules of Civil Procedure No. 227.1(b) entitled "Post–Trial Relief" states as follows:

(b) Post-trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

. . . .

(2) *are specified in the motion.* The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived. . . . (Emphasis added.)

If this rule governs, then contrary to appellant's contention, the issue of whether the claim sounds in eminent domain or trespass may not be preserved.

At this point we must inquire whether the rules of civil procedure apply to eminent domain proceedings. The broad language of *Borough of Jefferson v. Bracco,* 113 Pa. Commonwealth Ct. 223, 536 A.2d 868 (1988), would seem to indicate that they do not. We note that *Bracco* involves a non-jury decision. We further believe that the rationale of that case, if still valid, should not apply to jury trials. It has been held by this Court that the rules of civil procedure are instructive in eminent domain proceedings. Such is the conclusion of Judge Rogers in the case of *Hall v. Middletown Township Delaware County Sewer Authority,* 75 Pa. Commonwealth Ct. 181, 461 A.2d 899 (1983). In *Hall* the question was how to raise properly the defense of the statute of limitations. It was agreed by Judge Rogers that this question could not be raised by preliminary objection which is the preferred vehicle provided for preliminary matters under the Eminent Domain Code, Act of June 22, 1964, P.L. 84, *as amended,* 26 P.S. § 1–524. *Hall* approved the filing of an answer and new matter to raise the issue of timeliness. There was no way this could have been done, except to invoke the Rules of Civil Procedure. To the same effect is *Biernacki v. Redevelopment Authority of City of Wilkes–Barre,* 32 Pa. Commonwealth Ct. 537, 379 A.2d 1366 (1977), where the court stated that even though the rules of civil procedure did not apply, the issue of joinder of an indispensable party and, accordingly, the invocation of Pa. R.C.P. Nos. 2226–2250 could not easily be avoided.

It must be noted also that the Rules of Civil Procedure have a section at the beginning which relate to "Business of the Courts" (Rules 51 through 250). Rule 250 states as follows: "The Rules of this chapter shall apply to all civil actions and proceedings at law and in equity." We are of the opinion that Rule 227.1, contained in that chapter entitled "Post–Trial Relief" was meant to apply to eminent domain proceedings. We are also of the opinion that the

Rules of Civil Procedure regarding post-trial motions must be deemed to apply to all jury trials. We cannot otherwise explain the eminent domain case of *Yudacufski v. Department of Transportation,* 54 Pa. Commonwealth Ct. 448, 422 A.2d 1181 (1980), *reversed,* 499 Pa. 605, 454 A.2d 923 (1982).

In that case this Court addressed the inadequacy of a jury verdict raised by a post-trial motion and also the contention that the verdict of the jury was against the weight of the evidence. This Court was reversed by the Supreme Court but not on the question of whether it was proper to file a post-trial motion, but on whether the denial of a petition for change of venue should have been raised by post-trial motion or was waived. Instructive is the Supreme Court's footnote No. 5 in reversing our Court on this issue. *Id.,* 499 Pa. at 609, 454 A.2d 923.

> A line of Commonwealth Court cases, starting with *Department of Transportation v. Ambrosia,* 24 Pa. Cmwlth. 8, 354 A.2d 257 (1976), have held that the Eminent Domain Code, and not the Pennsylvania Rules of Civil Procedure, provides the exclusive procedure by which eminent domain matters are governed. We need not now consider this line of cases since both the Eminent Domain Code and the Rules of Civil Procedure are silent on whether a pre-trial venue issue must be preserved through a post-trial motion.

Also instructive is footnote No. 6 on page 609, 454 A.2d 923. "This is not to say that exceptions to pre-trial rulings need not be raised in a *post-trial motion....*" (Emphasis supplied.)

We note one of the Explanatory Comments to Rule 227.1 as follows:

> In *Yudacufski v. Commonwealth, Department of Transportation,* 499 Pa. 605, 454 A.2d 923 (1982), the Supreme Court noted that the Rules of Civil Procedure governing post-trial practice 'do not specifically include a requirement that pre-trial rulings must be raised in post-

trial motions in order to be preserved.' Subdivision (b) now contains such a provision.

Thus, the new rule contemplates post-trial motions in eminent domain cases.

In Pennsylvania Eminent Domain, 1985 Cumulative Supplement, Section 303, page 74, Snitzer points out the principle that the Pennsylvania Rules of Civil Procedure, including local rules of court, are not controlling or applicable to proceedings under the Code. However, the cases he cites all involve procedural matters. *In re Condemnation, Croop Estate*, 25 Pa. Commonwealth Ct. 185, 359 A.2d 838 (1976), and *Department of Transportation v. Ambrosia*, 24 Pa. Commonwealth Ct. 8, 354 A.2d 257 (1976), concern service of a viewer's report which is governed by Section 513 of the Code, not by Pa.R.C.P. 2104(b). To the same effect is *Petition of Ramsey*, 31 Pa. Commonwealth Ct. 182, 375 A.2d 886 (1977) and *Edgewood Building Co., Inc. Appeal*, 43 Pa. Commonwealth Ct. 91, 402 A.2d 276 (1979), where the service of notice of the declaration of taking was held to be governed by Section 405 of the Code, not by Pa.R.C.P. No. 2180.

Snitzer also, on page 230 of the Cumulative Supplement 517–5.4, "Motion For a New Trial", expatiates for several pages about the different motions for new trial without ever once mentioning the fact that such motions are discredited, unnecessary or wrong. The many cases include a motion for a new trial to consider the disparity between the viewers' award and the jury's verdict. A motion for a new trial has been denied on the basis of inadequate notice pursuant to Section 703(2) of the Code. The case of *Doknovitch v. Department of Transportation*, 65 Pa. Commonwealth Ct. 440, 442 A.2d 856 (1982), indicates that the trial court on a post-trial motion may consider the decision of a prior jury which the trial court finds to be consistent with that of the jury in question. A new trial was properly granted on a post-trial motion when evidence of an expert witness concerning the highest and best use of the condemned land was improperly admitted into evidence. *Shil-*

*lito v. Metropolitan Edison Co.*, 434 Pa. 172, 252 A.2d 650 (1969). On a post-trial motion it was decided that it was error to grant a new trial because the verdict was against the weight of the credible evidence. *The Gentzel Corp. v. Borough of State College*, 13 Pa. Commonwealth Ct. 116, 318 A.2d 415 (1974). In *Kunkel Estate v. County of Dauphin*, 26 Pa. Commonwealth Ct. 587, 364 A.2d 959 (1976), the grant of either a remittur or a new trial on a post-trial motion was affirmed. Also raised on a motion for new trial were the disparity between the testimony of the expert witnesses and the refusal of the jury to accept condemnees' theory of damages. *Felix v. Baldwin–Whitehall School District*, 5 Pa. Commonwealth Ct. 183, 289 A.2d 788 (1972). In *Commonwealth, Department of Transportation v. Nemiroff*, 42 Pa. Commonwealth Ct. 478, 401 A.2d 10 (1979), a new trial on a post-trial motion was properly granted, the court decided, because of a substantial degree of uncertainty and confusion in the minds of the jury. It was held not error to grant a new trial on a post-trial motion following a verdict of $2,000 when a condemnee presents testimony of machinery and equipment damage of $8,760, the condemnor presented no testimony and cross-examination of condemnee's expert witness disclosed only insignificant discrepancies. *Redevelopment Authority of the City of Philadelphia v. United Novelty*, 11 Pa. Commonwealth Ct. 216, 314 A.2d 553 (1973).

 This summary of some of the cases listed in Snitzer is compelling proof that, if the rules of civil procedure do not govern post-trial motions in jury trials in eminent domain cases, then this Court and the Bar generally have been acting under a mistaken assumption for many years. There is a maxim in the law Common error, repeated many times, makes law. To change the ground rules now would create injustice and havoc and perhaps cause problems of constitutional dimension affecting the right of condemnors to due process and condemnees to just compensation.

In this case, since we have been deprived of the opinion of the trial court in support of its evidentiary rulings by the failure to file post-trial motions and since the appellant may

have been innocently misled by its reliance on such cases as *Borough of Jefferson v. Bracco*, we feel that the case should be remanded for proper filing of post-trial motions and the filing of an opinion by the trial court.

This matter was argued before a panel consisting of BARRY and McGINLEY, JJ., and KALISH, Senior Judge. Due to the untimely death of Senior Judge Kalish, the case was submitted on the briefs to CRUMLISH, Jr., President Judge, for his consideration as a member of the panel.

## ORDER

NOW, November 15, 1989, the order of the Court of Common Pleas of Bucks County, dated November 2, 1988, at No. 83–5905–09–4, is vacated and the matter is remanded to that court for further proceedings in accordance with this opinion.

Jurisdiction relinquished.