570 A.2d 1367

**HARBORCREEK TOWNSHIP, Appellant,**

v.

**Fred H. RING and Nell K. Ring, his wife, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1989.

Decided Feb. 21, 1990.

Petition for Allowance of Appeal Denied
July 5, 1990.

504

Gary J. Gushard, with him, Janetje E. Chayes, Tucker & Arensberg, P.C., Pittsburgh, and Eugene J. Brew, Jr., McClure and Miller, Erie, for appellant.

Michael E. Dunlavey, Erie, for appellees.

William J. Cressler, Asst. Chief Counsel, with him, Jeffrey L. Giltenboth, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for amicus curiae, Dept. of Transp.

Before COLINS and McGINLEY, JJ., and NARICK, Senior Judge.

COLINS, Judge.

Harborcreek Township (Harborcreek) appeals an order of the Erie County Court of Common Pleas (trial court) which denied Harborcreek's motion for post-trial relief and awarded Fred H. Ring and Nell K. Ring (Rings) $114,000.00 in damages, $107,350.52 attorney's fees, as well as costs and delay compensation pursuant to Section 609 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. § 1–609. Prior to oral argument before this Court, the Rings filed a motion to dismiss certain issues raised by Harborcreek's appeal.

Some background information is necessary to understand this protracted litigation. The Rings are the owners of property in Erie County which has a broad expanse of frontage on Lake Erie. Since 1954, the Rings have operated a tavern, an inn, boat livery, and rentals on this property. In September, 1977, the Rings filed a petition to appoint a Board of View alleging that Harborcreek had committed a *de facto* taking of a portion of their land when, without the Rings' permission, Harborcreek extended a roadway (Shorewood Road) and constructed a public boat launch and break wall to Lake Erie on the Rings' property.

Harborcreek filed preliminary objections to the Rings' petition, which were overruled. The trial court concluded that the *de facto* taking had, in fact, occurred. On appeal from that ruling, the Commonwealth Court affirmed the trial court's decision of the *de facto* taking in *Harborcreek Township v. Ring*, 48 Pa.Commonwealth Ct. 542, 410 A.2d 917 (1980). The case was then remanded to the Board of View. On February 6, 1981, Harborcreek filed a petition for reargument and reconsideration with the trial court on the issue of whether a taking had occurred because of newly-discovered evidence concerning the ownership and dimensions of Shorewood Road. Following a hearing and argument, this petition was denied on July 20, 1981.

The Board of View's hearing was held on July 8, 1985, and included several views of the premises and testimony by a number of witnesses. The Board of View's report found that three parcels of the Rings' property had been taken and awarded $80,000.00 in compensable damages, $3,250.00 in costs, and attorney's fees in the amount of 40% of the award. Delay compensation was computated from June 1, 1977, which was the date stipulated by the parties as being the date of the taking. Harborcreek filed a timely appeal to the trial court from the Board of View's report and objected that it "did not take the property as described in the View's report" and that the awards of attorney fees and costs were excessive.

Harborcreek filed a second petition for reconsideration and reargument with the trial court on March 31, 1987, claiming again that newly-discovered evidence had been uncovered. This petition was denied on October 5, 1987.

Thereafter, prior to the jury trial to determine the damages resulting from the taking, a hearing was held at which the trial court considered Harborcreek's objections to the Board of View's report which argued, *inter alia*, that it "did not take the property as described in the View's report." The trial court also considered a motion in limine filed by the Rings which sought to preclude Harborcreek from presenting at trial evidence on the issues of whether a taking had occurred and the area of the taking. The trial court granted the Rings' motion in limine and denied Harborcreek's objections.

Following the trial, the jury returned a verdict in the amount of $114,000.00 in favor of the Rings. Post-trial evidentiary hearings were held on the issues of attorney's fees, costs, and delay compensation which resulted in the trial court molding the verdict to include delay compensation ($154,378.80), out-of-pocket expenses, proportionate real estate taxes, and attorney's fees ($107,350.52), pursuant to Section 609 of the Code. Harborcreek timely filed post-trial motions from each verdict which were denied on November 1, 1988. Judgment was subsequently entered in the Rings'

favor in the amount of $384,336.84. Harborcreek has appealed that order.

█ This Court's scope of review in an eminent domain proceeding is to determine whether the trial court abused its discretion or committed an error of law. *Laszczynsky Appeal*, 118 Pa.Commonwealth Ct. 1, 544 A.2d 551 (1988).

On appeal, Harborcreek raises numerous issues challenging the trial court's decision. First, it is argued that the trial court erred when it refused to allow Harborcreek to present evidence as to the extent of land taken prior to the jury trial on the issue of damages. Next, it is argued that the jury verdict of $114,000.00 is grossly excessive and that the trial court's award of attorney's fees is unreasonable. In addition, Harborcreek argues that the Rings are not entitled to delay damages calculated from June 1, 1977, and that the delay damages were improperly calculated at the commercial loan interest rate. Finally, it is argued that the trial court improperly imposed delay damages upon the award of attorney's fees and expenses.

█ On September 29, 1989, the Rings filed a motion to dismiss three of the six issues raised by Harborcreek's appeal. The three issues subject to the motion to dismiss were the three issues concerning delay damages; the date from which they should be calculated, the interest rate at which they should be calculated, and whether they were improperly imposed upon attorney's fees and expenses. The Rings maintain that Harborcreek failed to preserve these issues for appeal by its failure to raise these issues in its post-trial motions. Accordingly, it is argued that these issues have been waived pursuant to Pa.R.C.P. No. 227.1.

The only reference Harborcreek made to the trial court's award of interest in its supplemental motion for post-trial relief filed on September 20, 1988, stated:

(4) The award of interest of $154,378.80 is error. This should be delay damages, and the court did not take into consideration that a substantial amount of the delay in bringing the case to trial was foot-dragging on the part of

the Rings and their counsel. For example, there was a five-year period when no action was taken in the case, and Harborcreek was waiting for answers to interrogatories to be filed by Rings. None of this was taken into account by the Court, the Court simply awarding the full amount of interest as requested by the Rings.

Clearly, no reference was made to the rate at which the interest was calculated, the date from which it was calculated, or whether interest was improperly applied to the award of attorney's fees and expenses. These arguments were raised for the first time in Harborcreek's brief in support of post-trial motions. Moreover, the delay damages dealt with here are those which arise as a result of the application of Section 609 of the Code and not the delay damages which are applicable to tort actions pursuant to Pa.R.C.P. No. 238. Therefore, counsel's statement that "none of this was taken into account by the court," while arguably correct, is of no moment here, as Section 609 of the Code mandates that such things not be considered. It was not until Harborcreek's brief was filed in support of the post-trial motions that these issues, which were dealt with in *Hughes v. Department of Transportation*, 514 Pa. 300, 523 A.2d 747 (1987), were first addressed.

Harborcreek submits that the three issues challenged by the Rings should not be dismissed because they were properly preserved for appeal. It is argued that the Rules of Civil Procedure do not apply in eminent domain proceedings and, therefore, the requirements of Pa.R.C.P. Nos. 227.1 and 1038 that exceptions be filed to a trial court's order as a prerequisite to consideration of an issue on appeal is inapplicable to this proceeding. Harborcreek, therefore, requests that the Rings' motion to dismiss be denied.

The question of whether the Rules of Civil Procedure concerning post-trial relief apply to eminent domain proceedings was recently considered by this Court in *Bucks County Water and Sewer Authority v. Rawlings*, 129 Pa.Commonwealth Ct. 511, 566 A.2d 357 (1989). Therein, Bucks County failed to file post-trial motions on the issue of

*de facto* or *de jure* condemnation but argued that this issue was preserved for appeal. However, this Court held that "[t]he Rules of Civil Procedure regarding post-trial motions must be deemed to apply to all jury trials," including eminent domain proceedings. *Id.*, 129 Pa.Commonwealth Ct. at 514–515, 566 A.2d at 358. Because the Court found that Bucks County may have been misled by case law which indicated otherwise, the case was remanded for the filing of post-trial motions.

In the present matter, Harborcreek filed post-trial motions but raised issues in its brief which were not included in its post-trial motions. Thus, Harborcreek is in a much different position than Bucks County found itself in *Rawlings*. Because Harborcreek filed post-trial motions, it cannot argue that it was misled by case law holding that the Rules of Civil Procedure are inapplicable to eminent domain proceedings. Moreover, in order for post-trial relief to be granted, Pa.R.C.P. No. 227.1 requires that the grounds for relief be specifically set forth in the motion. Those grounds which are not specifically set forth are deemed waived. Pa.R.C.P. No. 227.1.

Based upon *Rawlings* and Pa.R.C.P. No. 227.1, we find that Harborcreek's failure to raise all of its alleged errors in its post-trial motions resulted in the waiver of its right to assert those errors as issues on appeal. Accordingly, the Rings' motion to dismiss issues IV, V, and VI in Harborcreek's brief to this Court is granted and we will confine our review to the remaining issues.

Harborcreek argues that the trial court resolved Harborcreek's objections to the Board of View's report without the benefit of all relevant evidence when it refused Harborcreek the opportunity to present evidence on the amount of land taken. Harborcreek alleges that the evidence which it wished to present was relevant evidence, not available at the time the Board of View's hearing was held. It is further argued that the trial court failed to resolve this factual question in an orderly fact-finding process when it did not conduct a separate evidentiary hearing to allow the trial court to rule on the admissibility of the evidence.

Pursuant to Section 515 of the Code, 26 P.S. § 1–515, any party aggrieved by the decision of the Board of View may appeal to the court of common pleas within 30 days from the filing of the report. Prior to a trial *de novo* on the issue of damages, Section 517 of the Code, 26 P.S. § 1₋517, requires the trial court to determine preliminarily all objections other than to the amount of award raised by the appeal. In *Department of Transportation v. Yudacufski,* 83 Pa.Commonwealth Ct. 609, 479 A.2d 635 (1984), this Court noted that Section 517 of the Code is silent on the method to be used for resolving factual issues. Thus, it was held that, "[a]s long as the method used is fair to all of the parties, the alternative chosen by the trial judge [to resolve factual issues] is solely a matter of discretion." *Id.,* 83 Pa.Commonwealth Ct. at 619, 479 A.2d at 640, *citing Hershey v. Department of Transportation,* 20 Pa.Commonwealth Ct. 537, 543, 342 A.2d 497, 501 (1975).

█ The Rings maintain that because Harborcreek failed to appeal the trial court's order denying their objections to the Board of View's report, Harborcreek is barred from raising that issue before this Court. We disagree. The trial court's dismissal of the Harborcreek's objections was interlocutory in nature and, therefore, not immediately appealable. *In Re: Petition of the Borough of West Mifflin,* 34 Pa.Commonwealth Ct. 157, 383 A.2d 542 (1978). Accordingly, we may consider the propriety of the trial court's resolution of Harborcreek's objections.

█ Our review of the record reveals no abuse of discretion, nor error of law in the trial court's refusal to allow Harborcreek to present evidence on the area of the taking. Harborcreek sought to admit the same "newly discovered" evidence which was twice before denied because Harborcreek failed to prove that this evidence was not, through the use of due diligence, available at the time of the Board of View's hearing. Accordingly, we affirm the trial court's denial of Harborcreek's request to present evidence on the area of the taking.

Next, Harborcreek argues that the jury verdict of $114,000.00 was excessive and unreasonable in light of the evidence presented at trial, as well as the award set by the Board of View. Accordingly, it is suggested that the trial court erred by refusing to grant a new trial on this basis. The Rings counter that the damages awarded by the jury were equal to the amount testified to by their expert.

A new trial should be awarded on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the weight of the evidence as to shock one's sense of justice. *Department of Transportation v. Sheets*, 10 Pa.Commonwealth Ct. 212, 310 A.2d 436 (1973). Moreover, a discrepancy between the jury award and the Board of View award is not a sufficient ground for granting a new trial. *Borough of Tamaqua v. Knepper*, 54 Pa.Commonwealth Ct. 630, 422 A.2d 1199 (1980); *Croop Estate v. Department of Transportation*, 38 Pa.Commonwealth Ct. 305, 393 A.2d 41 (1978).

In the present matter, the Board of View awarded the Rings $80,000.00. The jury awarded them $114,000.00. Clearly, these two figures are not so disparate as to render the jury award grossly excessive. Moreover, the record contains substantial evidence to support this award including, *inter alia,* the Rings' expert's testimony and the Rings' own testimony of their financial loss. Accordingly, Harborcreek's argument that the trial court erred in refusing to grant a new trial on this basis is meritless. *Croop.*

Finally, Harborcreek argues that the trial court's award of attorney's fees in the amount of $107,350.52 was unreasonable. It is asserted that the trial court's "consideration of all the facts of this case" was nothing more than an attempt to justify its awarding the amount of the contingent fee agreement between the Rings and their attorney.

In this matter, because the taking was a *de facto* taking, the award of damages for comdemnees' costs was governed by Section 609 of the Code, 26 P.S. § 1–609. This section provides: "Where proceedings are instituted by a con-

demnee under Section 502(e), a judgment awarding compensation to the condemnee for the taking of property shall include reimbursement of reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred." *See also Laszczynsky Appeal.*

■■■■■ The assessment of attorney's fees should be based on the efforts within the case and should be reasonable in light thereof. *Benkovitz Appeal,* 70 Pa.Commonwealth Ct. 230, 452 A.2d 1113 (1982). The fact that an award of attorney's fees approximates the amount of a contingent fee percentage called for by an agreement between the condemnee and his counsel does not render such an award invalid when the award is deemed reasonable under all the circumstances and does not evidence an abuse of judicial discretion. *Condemnation of Lands in Pittsburgh,* 69 Pa.Commonwealth Ct. 621, 451 A.2d 1071 (1982).

Here, in making its decision on the award of attorney's fees, the trial judge, the Honorable George Levin, noted in his exhaustive opinion:

This matter has been before the courts since 1977. The process has involved innumerable pleadings, depositions, arguments, hearings and re-hearings, several views of the property, a formal Viewers' Hearing, a non-jury trial before Judge Carney, an appeal before the Commonwealth Court, a jury trial, and a hearing on damages before this court. This court carefully reviewed all of the above and awarded attorney fees on the basis of the complexity of the issues and the extensive amount of time involved in their resolution. Of note but not determinative of this court's decision is the fact that a fair amount of risk is involved when an attorney represents a client on a contingency fee basis. During this time, plaintiff's counsel was never guaranteed that he would receive remuneration for any of the time invested. In the case at bar, this risk was amplified by the fact that 11 years of effort were required in order to bring the case to is [sic] disposition.

We find nothing to suggest that the trial court gave carte blanche to the contingency agreement. Rather, at the hearing on damages, the Rings' attorney was questioned concerning the amount of time and effort expended on this case and "partial" documentation[1] reflecting 661 hours of time, at rates varying from $35.00 to $100.00 an hour, was presented. Upon consideration of the evidence, the trial court found that an award of $107,350.52 in attorney's fees was reasonable.

Because we find substantial evidence to support this decision, we find that the trial court did not abuse its discretion by approving attorney's fees in the amount of $107,350.52.

Based upon the foregoing discussion, the Rings' motion to dismiss is granted. The order of the trial court is affirmed as to its denying Harborcreek permission to present evidence on the area of the taking at the pre-trial hearing, the jury award, and the award of attorney's fees.

### ORDER

AND NOW, this 21st day of February, 1990, appellees' motion to dismiss is granted. The order of the Court of Common Pleas of Erie County in the above-captioned matter is affirmed.

1. Because this was a contingent fee case, the Rings' attorney represented to the trial court that many more hours were expended; however, they were not precisely recorded, since monthly bills were not being sent out.